GORHAM, Appellant, v. ST. LOUIS, IRON MOUN-
    TAIN & SOUTHERN RAILWAY COMPANY, Re-
    spondent.

St. Louis Court of Appeals, April 4, 1905.

PRACTICE: New Trial: Inadequate Verdict. In an action for personal injuries, where the evidence for defendant showed that the plaintiff received merely a severe scalp wound by which his skull was exposed, that he was disabled about three months, and plaintiff's evidence showed that he was earning about $120 a month, a verdict for $300, which was approved by the trial court by overruling a motion to set it aside, will not be disturbed by the appellate court, on the ground that it is inadequate.

Appeal from St. Louis County Circuit Court.—*Hon.*
    *John W. McElhinney,* Judge.

AFFIRMED.

*Ernest E. Wood* for plaintiff.

In the case at bar there can be no question but that great injustice was done the plaintiff by the verdict rendered by the jury. The verdict of $300 is so grossly inadequate that it is shocking to the intelligence of anyone who will read the evidence or who knows of the facts in the above-entitled cause. There can be no question but that a new trial will be granted where the verdict is insufficient, exactly as it will be where the verdict is excessive. Lee v. Knapp & Co., 137 Mo. 335, 38 S. W. 1107; Boggess v. Railroad, 118 Mo. 327, 23 S. W. 159, 24 S. W. 210; Eberhardt v. Railroad, 69 App. Div. N. Y. 561; Morrissey v. Railroad, 30 App. Div. N. Y. 424; McDonald v. Walter, 40 N. Y. 554; Kelly v. City of Rochester, 15 N. Y. Sup. 29; Meyer v. Hart, 23 App. Div. N. Y. 131; Sapuston v. Railway, 25 App. Div. N. Y. 285; Bradwell v. Railway, 139 Pa. 413.

*Martin L. Clardy* and *Henry G. Herbel* for respondent.

(1)   While it is the settled practice of the Federal appellate courts, and that of many of the State courts, to refuse to review the ruling of a trial court on a motion for a new trial, we admit that the appellate courts of this State have that power, but exercise it sparingly, and it is only when the conviction that the weight of the evidence was so overwhelmingly against the verdict as to force the conclusion that the jury's finding was necessarily the result of passion, prejudice or corruption, that they assume to interfere with the discretion which the statute has, for obvious reasons, wisely lodged with the trial judge. Reed v. Insurance Co., 58 Mo. 429; Hull v. Railway, 60 Mo. App. 597; Feary v. Railway, 162 Mo. 107, 62 S. W. 452; Railway v. McElroy, 61 S. W. 874. (2)   That an appellate court will not, in the absence of proof that the jury was influenced by improp-

er motives, no matter what the character of the injury, reverse a judgment solely on the ground of inadequacy, when it has been approved by the trial judge, has grown axiomatic. Pritchard v. Hewitt, 91 Mo. 547-550, 4 S. W. 437; Dowd v. Air Brake Co., 132 Mo. 579, 34 S. W. 493; Gregory v. Chambers, 78 Mo. 298; Bank v. Wood, 124 Mo. 76, 27 S. W. 554; Schroeder v. Railway, 108 Mo. 326, 18 S. W. 1094; McAfee v. Ryan, 11 Mo. 365; Steamboat City of Memphis v. Matthews, 28 Mo. 248; Dodd v. Guiseffi, 100 Mo. App. 311, 73 S. W. 304; Brooks v. Railway, 98 Mo. App. 175, 71 S. W. 1083; Dulaney v. Sugar Co., 42 Mo. App. 662.

GOODE, J.—This plaintiff, who was a locomotive fireman in the employ of the defendant company, was injured in a collision. He sued for damages and obtained a verdict for $300. Judgment was entered accordingly and plaintiff appealed.

The contention is that a retrial should be ordered on account of the inadequacy of the verdict. There was conflict in the testimony as to the extent of the injury plaintiff received in the accident. Two or three doctors testified in behalf of the plaintiff that his skull was fractured and the fingers of his right hand partially paralyzed as the result of the injury, besides temporary impairment of one eye. Several doctors testified in behalf of the defendant that the plaintiff only received a severe scalp wound by which the skull was exposed, but not fractured, and that he was not at all paralyzed. It is conceded by the plaintiff's counsel that as the jury had the right to believe the testimony for the defendant, this appeal must be disposed of by determining from that testimony whether or not the verdict was so grossly unjust that it ought to be set aside. It is contended in behalf of the defendant that the plaintiff feigned paralysis of the fingers of his right hand, and if the testimony in its behalf is true, that inference would be fair. The physician who gave plaintiff first assistance imme-

diately after the accident happened, swore positively
that he examined plaintiff's skull and it was not frac-
tured. Other competent physicians swore there was no
paralysis of the  right hand or any  other part of the
plaintiff's body. Plaintiff himself swore he was earn-
ing about $120 a month. It is in proof that he was confin-
ed to the hospital for two months, and when discharged,
was expected by the physician who attended him to be
ready for work in about four weeks. This evidence
would go to show plaintiff was disabled for  three
months. The argument of his counsel is that it conclu-
sively appears the plaintiff was not awarded sufficient
damages for his loss of time, to say nothing of his suf-
fering. The jury was entitled to disbelieve his state-
ment that he was earning $120 a month; and, moreover,
he would necessarily have to meet some expenses out of
his monthly wages. He was treated while suffering
from his injuries at the defendant's hospital. The fore-
going we regard as a fair statement of the facts and we
are free to say that to our minds this verdict looks too
small. But in disposing of the appeal we must have
regard to the rule of law involved and especially to the
decisions of our Supreme Court. There is an authority
directly bearing on this proposition, which we consid-
er fatal to the plaintiff's appeal.

In Dowd v. Air Brake Co., 132 Mo. 579, 34 S. W.
493, it appeared that the plaintiff therein, at the time
he was hurt, was 25 years old. While engaged in mak-
ing an excavation under the orders of the defendant
company's foreman, the earth caved in and an embank-
ment fell on him and injured his spine, arm and leg.
The injury to his leg was a  compound fracture and the
limb was stiff at the time of the trial. He was award-
ed one hundred dollars. The only ground insisted on
for a reversal of the judgment was the inadequacy of the
verdict, which was said to have resulted from bias, pre-
judice and passion on the part of the jury. The Su-
preme Court said a small verdict had been given, but

that the amount of damages to be awarded was for the
jury to determine, as it had the opportunity of seeing
the witnesses face to face and observing their demeanor
while on the stand; that the verdict was subject to review
and correction by the trial judge, who had the same op-
portunities, and the appellate court could not interfere
unless it was prepared to say passion and prejudice in-
duced the finding.    The court went on to state that a
new trial could not be granted on appeal solely on the
ground of the smallness of the damages awarded; citing
Pritchard v. Hewitt, 91 Mo. 547, 4 S. W. 437.

The verdict which the Supreme Court allowed to
stand was more open to doubt than is the present ver-
dict.    It is a very delicate matter for an appellate tri-
bunal to reverse the ruling of the trial court and the ver-
dict of the jury in instances of this kind; because many
impressions regarding the extent of the injuries and the
loss may be gleaned on the trial, which cannot be known
from the record.    We consider it palpable that we have
no right to interfere in this instance in view of the de-
cision of the Supreme Court in the case above cited;
which, indeed, is according to the law prevalent in other
States.

The judgment is, therefore, affirmed.    All concur.