M. Marcus, Appellant, v. Omaha & Council Bluffs Railway & Bridge Company, and the Omaha & Council Bluffs Street Railway Company.

**Negligence:** permanent injury: damages. Where there is no evidence of permanent personal injury the jury should be instructed to allow no damages on account thereof.

**Stating the issues:** instructions: harmless error. Where the answer in a personal injury action denied liability, although admitting some allegations of the petition, any error in charging that the answer was a general denial was cured by a subsequent instruction specifically defining the issue to be tried.

**Street-car accident:** liability of owner of track: evidence. Where an action was tried on the theory that the defendant street-car company was operating the car on which plaintiff was riding at the time of his injury, the mere fact that another company owned

the track on which the car was being operated did not show negligence on its part rendering it liable for the injury.

**Damages:** SUFFICIENCY OF VERDICT: EVIDENCE.  On a review of the evidence it is held that the verdict for plaintiff covered all the damage he sustained by reason of his injury, in expenses, doctor bills and the loss of time.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, APRIL 7, 1909.

ACTION to recover damages for personal injuries alleged to have resulted to plaintiff from a jar or shock received while a passenger in a car of the defendant street railway company.  There was a verdict for plaintiff in the sum of $400, and from the judgment on such verdict plaintiff appeals.—*Affirmed.*

*J. J. Stewart,* for appellant.

*Harl & Tinley,* for appellees.

McCLAIN, J.—The main contention for appellant is that the verdict was insufficient in amount to cover the damages which, by the uncontroverted evidence, plaintiff had sustained as the result of the negligence of the street car company in operating its car on which plaintiff was a passenger.  But some other alleged errors are briefly noticed in argument and may first be disposed of.

The court properly directed the jury to award plaintiff nothing on account of permanent injuries, for the reason that there was no evidence that plaintiff's injury, if any, was permanent.  We have read the record, and fail to find any evidence on which allowance for permanent injury could properly have been based.

1. NEGLIGENCE: permanent injury: damages.

The court, after stating the allegations of plaintiff, told the jury that the answer of defendants consisted of a general denial.   This statement was perhaps inaccurate, for the street railway company in its answer admitted some of the allegations of plaintiff's petition, but it did deny liability, and the jury could not have been in any way misled.   The court, in a succeeding instruction, specifically directed the jury as to the issue which they were to determine.

2. STATING THE ISSUES: instructions: harmless error.

With reference to the liability of the railway and bridge company there was no error in failing to give instructions, for there was no evidence on which a verdict against that company could have been rendered.   The whole case was tried on the theory that the street railway company was operating the car on which plaintiff was riding at the time of his injury, and the mere fact that the railway and bridge company was the owner of the track on which the car was being operated did not tend to show negligence on its part such as to subject it to liability for the accident.

3. STREET CAR ACCIDENT: liability of owner of track: evidence.

Other specific assignments of error, save those relating to the insufficiency of the verdict, are not argued, and need not therefore be considered.

In passing on the question as to whether the verdict is for an amount less than shown by the undisputed evidence to have been the damage suffered by plaintiff in expenses, doctors' bills, and loss of time, and therefore contrary to the evidence   and not in accordance with the instructions, we must assume in support of the verdict all the facts which the evidence tended to show as supporting the conclusion that the amount allowed was full compensation for all the damages proximately resulting to the plaintiff from the injury. The evidence, stated from this point of view tended to establish the following facts:  Plaintiff, who was a man

4. DAMAGES: sufficiency of verdict: evidence.

of about fifty years of age, of previous good health, conducting a clothing store, and actively engaged also in the real estate business, was a passenger on a street car which ran off its track in the city of Council Bluffs. There was a considerable jar to the passengers, and the plaintiff, as the result of this jar, had his head thrown forward, and bit his tongue, not severely enough to cause bleeding. He left the car, and took passage on another car provided by the street car company, and made no complaint at this time, to a friend with whom he conversed on the subject, save as to the biting of his tongue. When he reached his destination he says he was somewhat dizzy, and his "eyes blackened and twinkled." He went to a doctor's office, and received electrical treatment, and was directed to apply liniment to the back of his neck, where he complained he was suffering some pain. During the next six months he consulted the same doctor several times about pain in the back of his neck, and continued to apply the liniment prescribed, and other liniments suggested by his friends. After six months he was suffering pain in his head, neck and shoulders, which interfered somewhat with his sleeping at night, and he was nervous and irritable, and unable to give to his business the strict and continuous attention which it had formerly received. He also sometimes suffered from dizziness when engaged about his business. Thereupon he consulted another physician, who treated him for six months, finding soreness and pain in the neck and head, and he diagnosed the case as one of neurasthenia. As the plaintiff still continued to suffer, especially with pains in the head and back of the neck, a third physician, a specialist in nervous diseases, was called into consultation, and prescribed six weeks' absolute rest in a hospital, with a plaster cast around the neck to relieve the muscles from all strain. The plaintiff submitted for a time to this treatment, but left the hospital before the completion of the time prescribed, and at the time of the trial was still,

as he testified, suffering some pain and distress. On the trial expenses of treatment in the hospital and for doctors' services were admitted, aggregating about the sum allowed in the verdict of the jury, but plaintiff testified to a further sum of $200 expended for medicine, and to some expense in procuring additional assistance in his business, which would not have been necessary had he continued in good health. He also testified to loss of several weeks' time from his business while he was in the hospital, and that he was earning at least $4,000 per year in conducting his business.

Conceding the negligence of the street car company, and its liability for whatever injury, expense and loss of time proximately resulted to the plaintiff therefrom, it was still for the jury to say how much of the pain and disability suffered by plaintiff between the time of the injury and the time when the case was tried, how much of the expense incurred, and to what extent the time lost, was the proximate result of the injury received, and how much was occasioned by other causes. For at least a year after the injury, which plaintiff's own physician testified was slight, and should have been remedied in a few weeks at most, plaintiff continued to transact business, though suffering some inconvenience in doing so. When plaintiff finally was sent to the hospital, it was for a difficulty which, as these same physicians testify, might have been due to the jar, or might equally have been the result of other causes such as impairment of health by reason of long hours each day of constant attention to business affairs, without recreation or relaxation. In short, plaintiff's own physicians failed to connect with any certainty the difficulties for which they treated the patient with the injury received in the accident, and physicians called for the defendant indicated the lack of any probability that the slight injury occasioned the subsequent nervous condition for which treatment in the hospital was prescribed. The

·jury may well have found that, so far as the condition requiring treatment in the hospital was concerned, it was not due to the accident, and that impairment of business efficiency resulted from nervousness and worry, and not from physical injury. As the allowance by the jury covered all the expenses of treatment as to which there was any definite evidence, we find no occasion to interfere with their verdict as to the amount allowed.

The judgment of the trial court is therefore *affirmed.*