Dowd, *Plaintiff in Error*, v. Westinghouse Air Brake Company.

Division Two, March 3, 1896.

1. **Appellate Practice**: DAMAGES FOR PERSONAL INJURIES: INADEQUACY OF VERDICT. The supreme court will not reverse a judgment in an action for damages for personal injuries upon the sole ground of the inadequacy of the damages awarded, where it is not made to appear that the verdict was the result of passion or prejudice.

2. ———: ———: ———. A verdict for $100 for the compound fracture of a leg is not so grossly inadequate as to warrant a new trial on the ground that the jury were influenced by passion or prejudice.

*Error to St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Charles T. Noland* and *Virgil Rule* for plaintiff in error.

The verdict was against the great weight of evidence so far as adequately and fairly compensating plaintiff in error for the injuries he received, and was contrary to the instruction of the court regarding the measure of damages. It was a perverse verdict which is not sustained by any evidence either of the plaintiff or defendant in error, and a careful reading of the record shows that it was the result of bias, prejudice, or passion, and another jury should be given the opportunity to try the case anew. 1 Graham and Waterman on New Trials [2 Ed.], star pages 122 to 126 and 368, 369; Sedgwick on Damages [7 Ed.], 660, note a; *Fairgrieve v. Moberly*, 29 Mo. App. 150–154; *Welch v. McAllister*, 13 Mo. App. 89; *Whitsett v. Ransom*, 79 Mo. 258; *Spohn v. Railroad*, 87 Mo. 74; *Garrett v. Greenwell*, 92 Mo. 120; *Caruth v. Richeson*, 96 Mo. 192; *Boggess v. Railroad*, 118 Mo. 328.

*A. & J. F. Lee* for defendant in error.

(1) In actions for personal torts the verdict will not be disturbed on the ground of its inadequacy. *Pritchard v. Hewitt*, 91 Mo. 550; *Gregory v. Chambers*, 78 Mo. 302; 2 Thompson on Negligence, p. 1271; *Brown v. Railroad*, 51 Mo. App. 192; *Phillips v. Phillips*, 34 N. J. Law, 208; *Shoff v. Wells*, 1 Neb. 168; 1 Shearman and Redfield on Negligence, sec. 137; *Watson v. Harmon*, 85 Mo. 447; *Boggess v. Railroad*, 118 Mo. 328. (2) The supreme court will not interfere with a verdict

on account of its amount being excessive or inadequate. *Rodney v. Railroad*, 30 S. W. Rep. 150; *Leahy v. Davis*, 25 S. W. Rep. 941.

BURGESS, J.—Plaintiff sued for $10,000 damages for injuries received by him while in the employ of defendant, caused by the falling of an embankment upon him while engaged in digging an excavation for said company.

On a trial before a jury plaintiff recovered a verdict for $100, and after moving to set the verdict aside and for a new trial, and the same being overruled, he sued out his writ of error to the St. Louis court of appeals. The case was certified by that court to this, because of the amount in controversy, $9,900, being in excess of its jurisdiction.

At the time of the injury plaintiff was about twenty-five years of age, was employed as a laborer by defendant, and was engaged in making an excavation. One Jack Stellfax was defendant's foreman, and plaintiff was under his directions and control; and, while acting in obedience to the order of said foreman, plaintiff attempted to move some loose dirt which had fallen into the excavation, and while in a stooping position a large amount of earth caved in from the embankment, near which he was working, and fell upon him, injuring his head, spine, and leg. Two bones of the left ankle were fractured, and it has since, up to the time of the trial, remained somewhat stiff. The evidence shows that the injuries are not permanent.

The only ground urged for a reversal of the judgment is the inadequacy of the verdict, which plaintiff contends was the result of bias, prejudice, or passion. If this insistence be correct, the judgment should be reversed and the cause remanded for a new trial, as in every case of trial by jury the parties are entitled to a

jury composed of men, free from bias or prejudice; otherwise, jury trials would be but a mockery, and soon bring such trials into disrepute.

Such bias or prejudice has been generally, though not always, manifested in giving excessive verdicts, and in rendering verdicts in disregard of the evidence or instructions of the court. The same rule applies, however, in actions of tort, where the damages allowed are so grossly inadequate as to be manifestly the result of passion or prejudice. 3 Sedgwick on Damages [8 Ed.], sec. 1326; 1 Graham and Waterman on New Trials [2 Ed.], *452; *Whitsett v. Ransom*, 79 Mo. 258; *Boggess v. Street Railway Co.*, 118 Mo. 328.

But a new trial will not be granted by this court, in a personal action for damages, on the sole ground of the smallness of the amount of damages awarded. *Pritchard v. Hewitt*, 91 Mo. 547.

In the case last cited there is quoted with approval from 1 Graham and Waterman on New Trials [2 Ed.], 451, [*452], the following, to wit:

"The reason for holding parties so tenaciously to the damages found by the jury in personal torts, is, that in cases of this class there is no scale by which the damages are to be graduated with certainty. They admit of no other test than the intelligence of a jury, governed by a sense of justice. * * * To the jury, therefore, as a favorite and almost sacred tribunal, is committed, by unanimous consent, the exclusive task of examining the [those] facts and circumstances, and valuing the injury, and awarding compensation in [the shape of] damages. The law that confers on them this power, and exacts of them the performance of this [the] solemn trust, favors the presumption that they are actuated by pure motives, * * * and it is not until the result of the deliberations of the jury appears in a form calculated to shock the

understanding, and impress no dubious conviction of their prejudice and passion, that courts have found themselves compelled to interpose.''

It must be admitted that the damages awarded plaintiff were small for the compound fracture of the leg alone, about which there is no conflict in the evidence, to say nothing of his loss of time and injuries to his back and head. But the weight of the evidence and the amount of damages to be awarded, were for the consideration of the jury, who had the opportunity of meeting the witnesses face to face, and of observing their demeanor on the witness stand. The trial judge had the same opportunities, and if there had been anything justifying the imputation that the verdict was the result of bias or prejudice, it must be presumed that he would have set the verdict aside and granted a new trial.

Under the circumstances, we do not feel that we would be justified in holding that the verdict was the result of passion, partiality, or prejudice, and must decline to interfere. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.