## CHARLESTON.

KENNEDY *v.* GLEN ALUM COAL COMPANY.

Submitted June 7, 1912.   Decided June 24, 1913.

DAMAGES—*Review—Inadequate Damages.*

> A verdict for $200, in a tort action for negligently causing plaintiffs personal injury whereby he lost half of a foot, will not be set aside for inadequacy, when no pecuniary loss is shown.

(MILLER, JUDGE, absent.)

Error to Circuit Court, Mingo County.

Action by Lorenzo Dow Kennedy, by his next friend, against the Glen Alum Coal Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Cook, Litz & Howard,* and *Sanders & Crockett,* for plaintiff in error.

*Sheppard, Goodykoontz & Scherr,* and *Marcum & Marcum,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff, an infant under the age of fourteen years, was employed as trapper in defendant's coal mine, and received an injury, for which he sued and recovered a judgment for two hundred dollars. He moved to set the verdict aside on the ground that it was wholly inadequate, and the court

overruled his motion, and entered judgment on the verdict, and he obtained this writ of error.

Section 15, of chapter 131, of the Code of West Virginia, (1906), permits a new trial to be granted as well when the damages recovered are too small as when they are excessive. The only question we need consider is: Did the court err in refusing to set aside the verdict because too small?

Plaintiff was employed to trap in the main entrance, about two hundred yards from the mouth of the mine. He had ridden out of the mine on the trip about noon, as he says, to get his lunch, which his sister was to bring to him at the mouth of the mine. As the motor was returning into the mine, he attempted to get on it at the front end, and his foot slipped and passed under one of the wheels and was so badly mashed that a portion of it had to be amputated. He was taken to the hospital and treated at defendant's expense until he got well. He was three weeks in the hospital. He says about half of his foot is gone, but just what part is gone does not appear, whether it was cut off square across the foot, or along one side, does not appear from the record. It does not appear what plaintiff's earning capacity was at the time of the injury, or what he has been able to earn since. He does say, however, that he has worked on his grandfather's farm since his injury, that he ploughed occasionally, and sometimes engaged in playing ball. In view of these facts and circumstances, no pecuniary loss being shown, we are not justified in saying that the court erred in refusing to set aside the verdict and grant plaintiff another trial. In actions for personal injuries the law fixes no definite rule for measuring compensation. From the very necessity of the case, the jury are made the judges of what is a proper compensation in such actions. In considering a motion to set aside the verdict of a jury for insufficiency the same rule applies as on a motion to set aside a verdict because it is excessive. *Dowd* v. *Westinghouse Air-Brake Co.,* 132 Mo. 579; 34 S. W. 493; 4 Sedgwick on Damages, (9th ed.) section 1368, and cases cited in note 225. But, says the author, in the same section: "The forbearance of the court to interfere with the jury is so great that, in actions of tort, the general rule was once said to be, that a new trial will not be granted for smallness of damages. And it is still true that a new trial

will not ordinarily be granted for this reason, especially where there is no pecuniary standard for the estimate of damages, as where they are given for pain and suffering; because juries seldom underestimate the amount of damages. So clearly is this felt to be the case, that courts are sometimes forbidden by statute to set aside verdicts in personal injury cases on the ground of inadequacy."

If it were our province to ascertain the damages, we would fix a larger sum than $200. But the law places that duty upon the jury, and the court is justified in setting aside their finding, only when their verdict is so small as to evince passion, partiality, prejudice or mistake. We do not feel warranted in saying that they were thus influenced. Of course, if plaintiff had shown an actual pecuniary loss, and the verdict had not been large enough to cover such loss, we could then see that the verdict would be wholly inadequate; and it would be our duty to set it aside. But plaintiff proved no pecuniary loss; he was put to no expense in affecting his cure. So, the verdict must have been intended to compensate him only for his pain and suffering and permanent injury. We cannot say that it is wholly inadequate for that purpose. The following cases are in point, viz.: *Morrissey* v. *Westchester Electric Ry. Co.,* 51 N. Y. Sup., p. 945; *Robinson* v. *Waupaca,* 77 Wis. 544; 46 N. W. 809; *Kalembach* v. *Michigan Central R. R. Co.,* 87 Mich. 509; 49 N. W. 1082; *Dowd* v. *Westinghouse A. B. Co.,* 132 Mo. 579, 34 S. W. 493; *Marcus* v. *Omaha & C. B. R. & B. Co.,* 142 Iowa 84, 120 N. W. 469; *Defreitas* v. *Nunes,* 130 Ill. App. 195. In the last cited case a verdict for four hundred dollars, for the loss of an eye, was set aside, but the proof showed that the verdict did not amount to as much as one half the actual pecuniary loss proven.

We affirm the judgment.

*Affirmed.*