THEREL HALL

*v*

GERALD GROVES AND JIMMY McIE

(No. 12592)

Submitted January 17, 1967.   Decided March 7, 1967.

450

*Callaghan & Callaghan, Dan O. Callaghan, Brooks B. Callaghan,* for appellant.

*Ernest V. Morton, Jr., Albert L. Sommerville, Jr.,* for appellees.

HAYMOND, JUDGE:

Upon this appeal in a civil action instituted in the Circuit Court of Webster County, in which Therel Hall is plaintiff and Jimmy McIe and Gerald Groves are defendants, the plaintiff seeks a reversal of the judgment of that court against the defendant Groves, hereinafter sometimes referred to as the defendant, rendered September 22, 1965, on the grounds that the verdict of the jury upon which the judgment complained of was entered in the sum of $1,000.00, is inadequate and that the trial court committed prejudicial error in instructing the jury that it could not allow the plaintiff any amount as damages for future or anticipated medical expenses. The plaintiff contends that because of these errors this Court should reverse the judgment of the trial court and remand the case for a retrial solely upon the issue of the amount of damages to which he is entitled or in the alternative that there be a new trial of all the issues involved in the case. By its judgment rendered December 14, 1965, the circuit court overruled the motion of the plaintiff to set aside the verdict rendered against the defendant Groves and to grant the plaintiff a new trial upon the single issue of damages or upon all the issues in the case, and from that judgment this appeal was granted by this Court upon the application of the plaintiff.

In this action the plaintiff seeks a recovery against the defendants Groves and McIe for damages for

personal injuries sustained by the plaintiff while riding as a guest passenger in the automobile owned by the defendant McIe and operated by the defendant Groves. The jury returned a verdict for $1,000.00 in favor of the plaintiff against the defendant Groves. The court directed a verdict in favor of the defendant McIe and the action was dismissed as to him. The plaintiff has not appealed from the judgment of dismissal in favor of the defendant McIe and, of course, seeks no relief from that defendant upon his appeal.

The plaintiff sustained the injuries of which he complains about 1:00 o'clock in the morning of June 13, 1964, when the defendant Groves, while operating a 1955 two door sedan automobile in which the plaintiff was riding in the front seat as a guest, suddenly and without any warning, drove the automobile off a public highway, across a sidewalk and into a nearby lawn and then back upon the highway and upon and against a three foot concrete abutment located on or near the right edge of the highway in the City of Weston, in Lewis County, West Virginia. The automobile had been loaned to the defendant Groves earlier that evening by its owner the defendant McIe.

Between 5:30 o'clock and 6:00 o'clock in the evening of June 12, the defendant Groves, having obtained the automobile from the defendant McIe in Diana, in Webster County, went to a place known as House's Store and there met the plaintiff and invited him to accompany the defendant on a trip to Weston where the defendant planned to go to visit a cousin to inquire about an automobile. After leaving House's Store the defendant Groves was the driver of the automobile. They went to a place called Cherry Falls and obtained some gasoline and then to Stoney's where, about 7:00 or 7:30 o'clock, they bought six bottles of beer. From Stoney's they drove to Sutton and on the way Groves drank one bottle of beer and, in the course of the evening according to his testimony, he drank two bottles. They stopped in Sutton where

Groves drank the second bottle of beer. From Sutton they proceeded to Glenville, the defendant Groves having knowingly missed a turn-off to another road to Weston. From Glenville they drove toward Weston and between Glenville and Weston they stopped and ate dinner at which they drank no beer but drank some coffee. They then proceeded on to Weston where the plaintiff was injured about 1:00 o'clock in the morning of June 13.

In describing the manner in which the collision occurred the defendant Groves, who was called and testified as a witness for the plaintiff, stated that there was a slight fog; that an automobile with headlights which blinded him approached from the opposite direction; and that he hit the abutment which was located on the right edge of the paved highway. Both Groves and the plaintiff were severely injured in the collision and both were taken to the Stonewall Jackson Hospital in Weston for treatment. One of the witnesses who reached the scene of the collision almost immediately after it occurred testified that the automobile had left the paved highway, crossed the abutting sidewalk, entered an adjoining lawn, then returned to the highway across the sidewalk and hit a three foot concrete abutment located at a culvert on the right edge of the highway, and other witnesses testified that the plaintiff, in an unconscious condition and bleeding profusely, was removed from the automobile while it was against or near the abutment which its front end had struck. The defendant Groves while in the hospital the day following the collision told one of the two Weston city police officers, who arrived at the scene and investigated the collision shortly after it occurred, that when he was proceeding toward Weston from Glenville he "must have gone to sleep at the wheel." The defendant testified, in substance, that when he was questioned by the officers about the collison, he told them that he really did not know what happened because it occurred so quickly and that he might have gone to sleep. It appears that the plaintiff and the defendant

together drank the beer which they had purchased, for no beer or other intoxicant was found in the automobile when the officers examined it, but both officers testified that neither Groves nor the plaintiff was intoxicated and that they did not smell or detect the presence of any intoxicants in the automobile.

The material facts with reference to the loan of the automobile by McIe to Groves and the trip from Diana by way of Sutton and Glenville to the point of the collision and the manner in which it happened are not disputed, and there is little, if any, dispute in the material facts disclosed by the evidence. By stipulation, the parties agreed that the plaintiff sustained injuries in the collision, incurred hospital bills of $498.21 and doctor bills of $209.00, or a total of $707.21, and that at the time of his injury the plaintiff was employed by certain timber contractors at wages of $1.25 per hour or approximately $50.00 per week. The plaintiff testified that his employment was continuing and is available when he is able to return to work, that if he had been able to work he would have earned a wage of $50.00 per week for a period of sixty six weeks or a total of $3,300.00, and that he has been unable to work and has not worked since he was injured. Plaintiff's hospital and doctor expenses and his loss of wages aggregate $4,007.21, and this amount is not disputed or controverted by any evidence in behalf of the defendant Groves.

The plaintiff was severely and permanently injured in the collision. The physician who examined him shortly after the collision and treated him while he was confined for fourteen days in the hospital at Weston testified that his injuries consisted of "a concussion of the brain, lacerations of the scalp, the left side of the face, lips, fractured nasal bone and fracture of the left radius and ulna." He described the injuries in detail in these terms: "He had a cut from up high in his scalp down around the eye and nearly missing the eye and the eye was dropped down toward the cheek and this laceration extended on down to the upper

left and along the nose, practically removing the end of his nose. The laceration continued to extend on down to the lower lip, going around toward the right side, separating the lip from the gum. His lip was also cut through. He had fractures of the left wrist. X-ray examination revealed multiple fractures of the radius. That is the large bone in the wrist. It was broken into several pieces. The ulna also was fractured, thereby injuring the nerves suspended about his wrist." He testified that the injury to the plaintiff's wrist and the scars on his face are permanent. He stated that plastic surgery could improve his facial appearance but that the scar would remain permanently and that surgery could improve the function of his wrist but he did not designate any amount as the cost of such treatment. The physician who treated the plaintiff after he was discharged from the hospital, in describing his condition, testified that he had "a drooped eye and a crooked wrist or arm and a stiff elbow." and that he would never be able to use his left hand at hard manual labor unless he submitted to surgical treatment to restore the functional use of his hand. The undisputed evidence of the plaintiff, who was thirty one years of age at the time of the trial, was that he had left school after completing the sixth grade, that he had received no training for any kind of skilled work, and that the only type of work that he had done consisted of manual labor which required the use of his hands.

In testifying about the collision the plaintiff stated that just before it occurred he was tuning the radio in the automobile, that his head was down and that he looked up just as the automobile struck the concrete culvert. In describing his injuries he testified that he suffered pain in his arm and in his wrist, that he wore a cast or splint on his arm for about eight weeks, that his face and lips were cut, that part of his right nostril was severed, that his teeth were injured and that the vision in his left eye is impaired by the scar from the cut on his face.

The defendant Groves contends that the acts of the plaintiff during the prolonged and round-about trip with the defendant until the plaintiff was injured constituted contributory negligence and assumption of risk and that, in the light of the facts and circumstances shown by the evidence and the doubt of the jury as to the liability of the defendant Groves, the verdict of the jury was not inadequate and that the judgments of the court entered upon the verdict and in refusing to set aside the verdict and grant the plaintiff a new trial are free from error and should be affirmed. These contentions of the defendant are entirely devoid of merit and must be rejected.

The liability of the defendant Groves for the injuries sustained by the plaintiff is clearly established by the evidence. He was guilty of negligence which was the proximate cause of the injuries to the plaintiff. Though the plaintiff consented to accompany the defendant Groves on the round-about, long-drawn out and aimless trip to Weston of many unnecessary miles and approximately six hours duration, during which some beer was consumed by both the plaintiff and the defendant, there is no evidence that the beer which either of them drank in any way affected the conduct of either, and though such use of the highways of this State near the midnight hour may not meet with universal approval neither the plaintiff nor the defendant engaged in any wrongdoing and the evidence affirmatively shows that whatever beer each drank did not cause either to be under the influence of any intoxicant and the evidence does not indicate that the beer they drank contributed in any way to the collision. Nothing in the evidence establishes contributory negligence or assumption of risk upon the part of the plaintiff. The evidence indicates that the defendant Groves, according to his statement to one of the city police officers, "must have gone to sleep at the wheel" and suddenly and without any opportunity of the plaintiff to protest or prevent the defendant Groves from so doing, he drove the automobile off the highway and to and

against the abutment located near the right edge of the road and caused the injuries of which the plaintiff complains. There is, however, nothing in the evidence to indicate that the defendant operated the automobile in a negligent manner until at and immediately before the collision occurred; and the conduct of the plaintiff in accompanying the defendant upon the trip does not of itself constitute either contributory negligence or assumption of risk. Under the undisputed evidence disclosed by the record the plaintiff, upon proper motion, would have been entitled to a directed verdict upon the issue of the liability of the defendant Groves. The question of liability under the evidence disclosed by the record is clearly separable and distinct from the question of damages; and for this reason the circuit court should have granted the motion of the plaintiff for a new trial limited to the question of the amount of damages and its refusal to do so constituted reversible error.

Though the general rule is that a new trial when granted is awarded for the entire case, *Moss v. Campbell's Creek Railroad Company,* 75 W. Va. 62, 83 S. E. 721, L.R.A. 1915C 1183, this Court has held in several cases, before the West Virginia Rules of Civil Procedure were adopted and became effective, that a new trial, limited to a separate and distinct issue, may be granted at the instance of any party to an action. *Stone v. United Fuel Gas Company,* 111 W. Va. 569, 163 S. E. 48; *Auto Sales Company v. Yost,* 91 W. Va. 493, 113 S. E. 758; *Taylor v. Sturm Lumber Company,* 90 W. Va. 530, 111 S. E. 481; *Chafin v. Norfolk and Western Railway Company,* 80 W. Va. 703, 93 S. E. 822; *Moss v. Campbell's Creek Railroad Company,* 75 W. Va. 62, 83 S. E. 721, L.R.A. 1915C 1183.

In the *Chafin* case this Court held in point 8 of the syllabus that ''In an action for personal injuries, where there is a demurrer to the evidence by the defendant, and there is no error in the trial in so far as it determines the liability of the defendant, but there

is error in ascertaining the amount of damages to which the plaintiff is entitled in the action, the two issues are distinct and separable, and a new trial may be granted, limited to ascertaining the proper amount of damages, and when so ascertained, judgment thereon for the plaintiff may be entered.'' In that case the verdict was challenged as excessive and in the opinion this Court said:

''Excessiveness of the verdict being the only error demanding reversal of the judgment, there would seem to be no necessity for a re-trial of the principal issue, that is, to ascertain whether or not the plaintiff is entitled to recover anything at all in the action. There has been a full and complete hearing on that branch of the case, and we find no fault with the judgment in respect thereto. The error is in the ascertainment of the amount of damages. The two matters are distinct and separable. When the only error relates solely to the quantum of damages, there would seem to be no sufficient reason for a new trial to determine again the right of recovery. In passing upon the entire case logically the jury would ascertain (1) whether the plaintiff is entitled to recover anything, and (2) if so, how much? The second proposition is wholly separate and distinct from the first. In *Moss v. Campbell's Creek Railroad Co.*, 75 W. Va. 62, we carefully and fully examined this question and reached the conclusion that a new trial may be limited. The rule and the reason for it is clearly stated in 2 R.C.L. 287, as follows:

'' 'Probably from a desire to eliminate unnecessary litigation, and in the exercise of the discretion with which the appellate court in invested with respect to the granting of new trials, it is undoubtedly the present general rule, in remanding a case for a new trial, either by the court or a jury, when error exists only as to one or more issues and the judgment in other respects is free from error, to limit the new trial to the issues affected by the error.' ''

A verdict in excess of the amount which the evidence shows a plaintiff is justly entitled to recover should be set aside by the trial court. *Winters v. Campbell,* 148 W. Va. 710, 137 S. E. 2d 188, and the many cases cited in the opinion in that case. For an equally valid and compelling reason, a verdict which is substantially less than the amount which the evidence shows the plaintiff is entitled to recover to compensate him for his pecuniary loss should likewise be set aside by the trial court. See 5 M. J., Damages, Section 56; *Richmond v. Campbell,* 148 W. Va. 595, 136 S. E. 2d 877; *Koontz v. Whitney,* 109 W. Va. 114, 153 S. E. 797; *Kennedy v. Glen Alum Coal Company,* 72 W. Va. 635, 78 S. E. 788; *Anderson v. Lewis,* 64 W. Va. 297, 61 S. E. 160. In 5 M. J., Damages, Section 56, is this statement: ''In considering a motion to set aside the verdict of a jury for insufficiency the same rule applies as on a motion to set aside a verdict because it is excessive.''; and in 5 M. J., 1966 Cumulative Supplement, Damages, Section 56, the text contains this language: ''Whether the complaint is that the verdict is excessive or that it is inadequate, the right of the court to annul it is governed by the same principles.'' In *Richmond v. Campbell,* 148 W. Va. 595, 136 S. E. 2d 877, this Court set aside a judgment based upon a verdict for $1500.00, the amount of which was less than the actual and proven pecuniary loss incurred by one of the plaintiffs, and in the opinion said: ''The total amount of such loss incurred by the plaintiff Melvin E. Richmond is clearly shown by the evidence in this case to be $5,999.08, and the trial court specifically instructed the jury by Instructions 7 and 8, offered by the plaintiff and given by the court, that the plaintiff Melvin E. Richmond was entitled to recover such damages. The verdict clearly shows that either the jury disregarded such Instructions, or the verdict constituted a mistake. It has been held that where verdicts in such cases do not cover the actual pecuniary loss properly proved and it can be clearly ascertained that the verdict is inadequate, such verdicts will be set

aside." In *Koontz v. Whitney,* 109 W. Va. 114, 153 S. E. 797, an action for personal injuries, by a three to two decision, this Court set aside as inadequate and not warranted by the evidence a verdict for the plaintiff in the amount of $50.00. In *Kennedy v. Glen Alum Coal Company,* 72 W. Va. 635, 78 S. E. 788, a personal injury action in which the plaintiff proved no pecuniary loss and the court refused to set aside a verdict for $200.00, the opinion contains this language: "Of course, if plaintiff had shown an actual pecuniary loss, and the verdict had not been large enough to cover such loss, we could then see that the verdict would be wholly inadequate; and it would be our duty to set it aside." In *Anderson v. Lewis,* 64 W. Va. 297, 61 S. E. 160, this Court held in point 8 of the syllabus that "A verdict for only about one-half of the amount the uncontradicted evidence tends to prove may properly be set aside by the trial court for inadequacy." See also *Wright v. Estep,* 194 Va. 332, 73 S. E. 2d 371. In the *Wright* case, a personal injury action, a verdict awarding $5,000.00 to a forty eight year old plaintiff who before injured had earned $3,600.00 annually, incurred hospital and medical expenses of approximately $2,400.00, lost one year from work, and sustained permanent injuries which rendered him incapable of ever resuming his type of work, was held to be inadequate in amount.

Though as stated in *Munden v. Johnson,* 102 W. Va. 436, 135 S. E. 832, it must appear, to justify a new trial limited to a single issue, that such issue is clearly separable from the other issues in the case, this requirement is fully satisfied in the case at bar, as the evidence here unquestionably shows that the issue of the amount of damages is entirely separable and distinct from the issue of the liability of the defendant Groves for the injury sustained by the plaintiff. Despite the contrary contention of the defendant Groves and the cited cases upon which he relies, the instant controversy, for the reasons previously indicated, is not a case in which, because of insufficiency of evi-

dence of liability, the verdict of the jury was evidently the result of a compromise upon the question of liability so that a new trial on a single issue favorable to the plaintiff, which would preclude the defendant from his right to have the same jury pass upon the question of liability, should clearly not be granted.

Under Rule 59(a) of the West Virginia Rules of Civil Procedure a new trial may be granted to any of the parties on all or part of the issues in a case. That rule, to the extent here pertinent, provides that "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law; * * * ." In the recent case of *Richmond v. Campbell*, 148 W. Va. 595, 136 S. E. 2d 877, in which the question of liability of the defendant was determined by the verdict and on appeal such liability was conceded by the defendant, this Court held in point 4 of the syllabus that "Rule 59(a), R.C.P., provides that a new trial may be granted to any of the parties on all or part of the issues, and in a case where the question of liability has been resolved in favor of the plaintiff leaving only the issue of damages, the verdict of the jury may be set aside and a new trial granted on the single issue of damages." That case can not be distinguished in principle from the case at bar and the decision in that case is decisive of the controlling question here involved. In the *Campbell* case the liability of the defendant was determined by the verdict and on appeal such liability was conceded by the defendant; here the liability of the defendant Groves is established by clear and uncontroverted proof. In both the issues of liability and of the amount of damages are distinct and separable. The verdict in the case at bar was wholly inadequate in amount. The stipulation and the evidence clearly show items of damages, which are certain, definite and determinate, in the amounts of $498.21 for hospital expenses, $209.00 for medical expenses and $3,300.00

for loss of wages and aggregate the certain and liquidated sum of $4,007.21. The verdict of the jury is for less than one-fourth of that amount and allows no substantial amount for the severe and permanent injuries to the plaintiff which are clearly established by undisputed evidence. For these reasons the verdict, being wholly inadequate, should have been set aside on that ground by the trial court and a new trial granted on the sole issue of the amount of the damages to which the plaintiff is entitled. When in an action for the recovery of damages for personal injuries, as here, the verdict does not include as elements of damages all the items of hospital and medical expenses and loss of wages the amounts of which are definite and certain, are not controverted, and constitute a specific pecuniary loss by the plaintiff and which verdict does not award a substantial amount as compensation for permanent injuries to the plaintiff caused by the negligence of the defendant, and awards the plaintiff damages in an amount materially less than that to which the plaintiff is justly entitled, as shown by the evidence, such verdict is wholly inadequate in amount and will be set aside by this Court, and the case will be remanded to the trial court with directions that the plaintiff be granted a new trial upon the single issue of the quantum of damages which, under the evidence, he is justly entitled to recover.

The contention of the plaintiff that the circuit court erred in refusing to allow the jury to consider future or anticipated medical expenses of the plaintiff is without merit. Though a plaintiff in a personal injury action may recover, as an element of damages, expenses for reasonable and necessary medical and hospital services in the future treatment of his injuries and in the treatment for future pain and suffering which are reasonably certain to be necessary as a result of the injuries caused by the negligence of a defendant, *Shreve v. Faris,* 144 W. Va. 819, 111 S. E. 2d 169, the plaintiff did not offer sufficient proof to enable him to recover expenses for future medical

treatment and hospital services in connection with his injuries. Though a physician who treated him and testified in his behalf stated that plastic surgery for his facial condition and surgery for his arm and wrist could improve his condition, there is no sufficient or definite evidence that such future treatment was necessary and no evidence with respect to its cost and, consequently, in the absence of any evidence of the cost of such treatment, there was no evidentiary basis for the award of any amount for that element of damages. For that reason the action of the circuit court in refusing to permit a recovery for such future treatment as an element of damages did not constitute error.

The judgment of the Circuit Court of Webster County is reversed and the verdict is set aside and this case is remanded to that court with directions to grant the plaintiff a new trial of the single issue of the amount of his damages.

*Reversed and remanded with directions.*