378 S.E.2d 456

**Teresa MAYNARD and Ray Maynard**

v.

**Andrew NAPIER and James Napier.**

No. 18441.

Supreme Court of Appeals of West Virginia.

March 9, 1989.

---

9. There is law that where the disqualification question is propounded and a juror answers untruthfully, then there is no waiver. *E.g., Beasley v. State,* 39 Ala.App. 182, 96 So.2d 693 (1957); *State v. Hermann,* 283 S.W.2d 617 (Mo. 1955); *State v. Williams, supra; Gann v. State of Oklahoma,* 397 P.2d 686 (Okla.1964).

Dwight J. Staples and Herbert H. Henderson, Huntington, for Teresa Maynard and Ray Maynard.

Richard G. McNeer, Campbell, Woods Bagley, Emerson McNeer & Herndon, Huntington, for Andrew Napier and James Napier.

. PER CURIAM:

The appellants, Teresa Maynard and Ray Maynard, her father, are aggrieved by a jury award for damages sustained when James Napier drove a car owned by Andrew Napier, his father, into a truck in which Ms. Maynard was a passenger. The appellants allege that the award of $3,136.50, after payment of medical expenses, included only $9.50 for pain, suffering and future medical expenses and, since liability was admitted by the appellees, the award was insufficient as a matter of law. We are not convinced by the argument because certain of the medical expenses were controverted and therefore, we affirm the verdict of the Wayne County Circuit Court entered on April 7, 1987.

Liability was admitted by the appellees for the accident which occurred on February 10, 1984 on Route 37 in Elmwood, West Virginia, when James Napier, while attempting to pass a truck in which Ms. Maynard was a passenger, veered into the truck in order to avoid a head-on collision on the two lane road. The jury below awarded $2,455 to Ms. Maynard and $681.50 to Mr. Maynard.[1] Mr. Maynard noted the following to be medical expenses for his daughter: (1) $30, Wayne Emergency Service, (2) $110, Radiology, (3) $249.50, Cabell Huntington Hospital, (4) $247, Dr. Mattill, an orthopedist, (5) $2394.50, Casto Chiropractic Clinic, and (6) $55, Dr. Ignatia-

---

1. The jury returned the following verdict: We, the jury, do agree and find that the plaintiff, Teresa Maynard, shall recover from the defendants damages in the amount of $2455 and we further find that the plaintiff, Ray Maynard is entitled to recover medical expenses which he incurred on behalf of his infant daughter, Teresa Maynard, in the amount of $681.50.

dias, a neurologist. The first four medical expenses were incurred within ten months of the accident. The last two medical expenses were incurred in 1985 and 1986, well over a year after the accident. Ms. Maynard's chiropractic treatment occurred in two parts, the first, a series of 25 treatments given between June 1985 and August 26, 1985 and the second, a series of 10 treatments given between May 1986 and July 25, 1986. Dr. Ignatiadias examined Ms. Maynard in the summer of 1986 at the request of Dr. Casto.

Ms. Maynard testified that as a result of the accident she continues to experience pain and suffering and has had to limit her activities. However, Ms. Maynard also testified that after the accident she participated in high school track in both 1984 and 1985. The conditioning and training portion of the 1984 track team began 3 weeks after the accident. Ms. Maynard also indicated that she attended school dances in 1984 and 1985. During the summer of 1984, Ms. Maynard went to Kings' Island amusement park where she rode several rides including the "Beast", a roller coaster.

The special damages for the chiropractic treatments were contested at trial by the appellees on the grounds that the treatments were not necessitated by Ms. Maynard's injuries because any pain or injury received by Ms. Maynard in the accident resolved soon thereafter. The judgment by the jury evidently represented their resolution of this conflict.

■ In Syllabus Point 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983), we stated:

In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant.

In *Freshwater v. Booth,* 160 W.Va. 156, 160, 233 S.E.2d 312, 315 (1977) this standard for review of damage awards was applied to cases where the plaintiff below "would have been entitled to a directed verdict on liability as a matter of law." Under the typology developed in *Freshwa-*

*ter,* this is a Type 1 case because the defendants stipulated their liability.

Viewed most strongly in favor of the appellees, evidence permits the conclusion that Ms. Maynard quickly recovered from the injuries she sustained as a result of the accident. Ms. Maynard was able to participate in school, sports and recreational activities within a few weeks after the accident. Dr. Mattill, who treated Ms. Maynard from shortly after the accident until July 1984, prescribed a series of exercises. The Wayne Health Clinic, where Ms. Maynard sought treatment in December, 1984, also prescribed exercise. Dr. Ignatiadias, who examined Ms. Maynard in the summer of 1986, found a "paucity of neurological findings" and felt that Ms. Maynard's problems were stress related. The record contains no indication that Ms. Maynard's stress was caused by or related to the accident. In order to participate with the track team both in 1984 and 1985, Ms. Maynard passed physical examinations which indicated no restrictions on her activities.

■ Our standards for determining when a verdict is inadequate were specified in Syllabus Point 3, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983):

"Where a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside. *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165 (1967)." *King v. Bittinger,* 160 W.Va. 129, 231 S.E.2d 239, 243 (1976).

■ In the present case the only elements of damage that have been specifically proven in uncontroverted amounts are the medical expenses which were incurred shortly after the accident. The jury awarded Mr. Maynard $681.50 for these expenses. The special damages for chiropractic and medical services rendered in 1985 and 1986 were controverted by the appellees, not on liability grounds, but rather on the ground that the costs were not

incurred as a result of the accident. The jury awarded Ms. Maynard unspecified damages of $2,455. When the uncontroverted medical expenses are subtracted from the awards, a substantial remainder is left as compensation for Ms. Maynard's injuries and consequent pain and suffering. We concluded that the jury awards of damages are not inadequate when the evidence is viewed most strongly in favor of the defendants.

For the foregoing reasons the judgment of the Circuit Court of Wayne County is affirmed.

Affirmed.