672

441 S.E.2d 393

John HAGLEY, Plaintiff
Below, Appellant,

v.

Henry SHORT, Defendant
Below, Appellee.

No. 21753.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 12, 1994.

Decided Feb. 18, 1994.

Meikka A. Cutlip, Hunt, Lees, Farrell &
Kessler, Huntington, for appellant.

Henry Short, pro se.

PER CURIAM:

John Hagley, the appellant and plaintiff
below, appeals an order of the Circuit Court
of Cabell County, entered February 1, 1993,
which denied his motion for a new trial. At
trial, the jury did not award the plaintiff
damages for injuries he sustained when the
appellee and defendant below, Henry Short,
struck him in the face causing major injuries.
The plaintiff contends that the jury's award
of zero damages is insufficient as a matter of
law because liability was settled in favor of
the plaintiff before trial began, and there was
uncontested evidence of medical expenses
and lost wages. We agree with the plaintiff's
argument and reverse the order of the circuit
court and remand this case for a new trial on
the issue of damages.

I.

The record shows that the plaintiff was a
full-time student at Marshall University and

worked part-time as a mechanic in the Sears Auto Center in Barboursville, West Virginia. The defendant who previously worked at the store contends that he was fired because the plaintiff criticized his work. On February 24, 1992, the defendant struck the plaintiff with his fist on the right side of the face.[1]

The injury was severe, and the plaintiff was transported by ambulance to the Emergency Room at St. Mary's Hospital. He was treated for a cut above his eye and a fracture to his right eye socket and cheekbone. The plaintiff was placed on anti-inflammatory drugs for one week to reduce the swelling. On March 2, 1992, he underwent surgery. It was necessary to use wires, metal plates, and plastic implants to reconstruct the plaintiff's eye socket. His medical expenses totalled $9,139.02. The plaintiff missed four weeks of work, and his lost wages totalled $641.76.

By order entered January 11, 1993, the issue of liability was resolved in favor of the plaintiff when the defendant failed to answer the plaintiff's Request for Admissions. Therefore, the only issue at trial was the plaintiff's damages.

At trial, the plaintiff presented evidence of his medical expenses and lost wages, and testified as to the pain and suffering he experienced as a result of the defendant's actions. The defendant admitted striking the plaintiff and did not contest the medical evidence. Instead, he alleged that bad feelings existed between him and the plaintiff because it was the plaintiff's fault he was fired from Sears. He claimed that the plaintiff pointed at him and laughed at him and, therefore, provoked the attack.

The jury instructions concerned only damages. The jury was presented an itemized verdict form which listed the medical expenses of $9,139.02 and lost wages of $641.76. The jury drew a line through these figures and awarded no general and punitive damages.

The plaintiff thereafter moved to set aside the verdict and requested a new trial because the jury verdict was inadequate. The trial court denied the motion.

## II.

In Syllabus Points 1 and 2 of *Maynard v. Napier*, 180 W.Va. 591, 378 S.E.2d 456 (1989), we stated:

"1. 'In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant.' Syllabus Point 1, *Kaiser v. Hensley*, 173 W.Va. 548, 318 S.E.2d 598 (1983)."

"2. ' "Where a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside. *Hall v. Groves*, 151 W.Va. 449, 153 S.E.2d 165 (1967)." *King v. Bittinger*, 160 W.Va. 129, 231 S.E.2d 239, 243 (1976).' Syllabus Point 3, *Kaiser v. Hensley*, 173 W.Va. 548, 318 S.E.2d 598 (1983)."

Even when the evidence is viewed most strongly in favor of the defendant, the jury award of zero damages is still inadequate. The defendant admitted striking the plaintiff. It was clear he was not justified in doing so. Furthermore, he never questioned or contested the special damages introduced by the plaintiff during the trial. The defendant also failed to contest the overwhelming evidence of plaintiff's pain and suffering from the blow and subsequent surgery. Therefore, the jury award of zero damages in light of the uncontroverted evidence was clearly inadequate.

Under the categories of inadequate judgments outlined in *Freshwater v. Booth*, 160 W.Va. 156, 160, 233 S.E.2d 312, 315 (1977), this case would fall into "Type 1":

"The easiest type of inadequate jury award is where the plaintiff would have been

---

1. The defendant pleaded guilty to the charge of battery in the Circuit Court of Cabell County. He was given the choice of spending two weekends in jail, with six months probation, and paying $900 to the plaintiff for tuition and books, or ten days in jail and paying $268 in fines and court costs. The plaintiff asserts that the defendant has failed to comply with the circuit court's order requiring him to pay the $900. The defendant responds that he spent eight additional days in the Cabell County jail in July of 1992 when he was unable to pay for the tuition and books.

entitled to a directed verdict on liability as a matter of law, and the damages are inadequate even when viewed most strongly in favor of the defendant. In this type of case an appellate court need not agonize about reversing and remanding for a new trial on the issue of damages alone and that is the proper course. The following West Virginia cases represent an application of this rule of law: *Hall v. Groves*, 151 W.Va. 449, 153 S.E.2d 165 (1967); *Delong v. Albert*, 157 W.Va. 874, 205 S.E.2d 683 (1974)." [2]

Based upon the foregoing, the order of the Circuit Court of Cabell County overruling the plaintiff's motion for a new trial is reversed, and the case is remanded for a new trial on the sole issue of damages.

Reversed and remanded.

---

**2.** In Syllabus Point 5 of *Linville v. Moss*, 189 W.Va. 570, 433 S.E.2d 281 (1993), we recognized the continued validity of Type 1 and Type 4 categories of inadequate judgments under *Fresh-*

*water*, but determined that Type 2 and Type 3 had been altered by the adoption of comparative negligence.