496 S.E.2d 218

**John E. GROSS and Wanda K. Gross, Plaintiffs below, Appellants,**

**v.**

**WEST VIRGINIA DEPARTMENT OF HEALTH & HUMAN RESOURCES, Defendant below, Appellee.**

**No. 23812.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 1997.

Decided Nov. 20, 1997.

William B. Carey, Berkeley Springs, for Appellants.

Daniel R. Schuda, Ancil G. Ramey, Steptoe & Johnson, Charleston, for Appellee.

PER CURIAM: [1]

John E. and Wanda K. Gross, the appellants and plaintiffs below, appeal an order of the Circuit Court of Kanawha County which denied their motion for a new trial. They argue that at trial the jury awarded the plaintiff, John Gross, insufficient damages for injuries he allegedly received while a patient at the Weston State Hospital, a facility operated by the defendant below, the West Virginia Department of Health and Human Resources.[2] The plaintiffs further argue that the circuit court erred in giving the plaintiffs' counsel an inadequate amount of time in which to make his closing argument. We disagree with the plaintiffs' contentions and affirm the decision of the circuit court.

## I.

On December 14, 1988, John E. Gross, an alcoholic, was involuntarily committed to the Weston State Hospital for the purpose of alcohol treatment and rehabilitation. Mr. Gross resisted being transported to the hospital and apparently received at least minor injuries resulting from resisting the deputy sheriff transporting him to the hospital.

Upon arriving at Weston State Hospital, Mr. Gross went through admission procedures which included an examination by a physician's assistant. During the course of this examination, Mr. Gross complained of pain in his anterior right rib cage. Mr. Gross stated to the physician's assistant during the examination and later to a nurse that he might have injured his ribs during the altercation with the deputy.[3]

After being shown to his room at the hospital, Mr. Gross was instructed to take a shower, a requirement for new patients. Some time later a health service worker again instructed Mr. Gross to take a shower. Mr. Gross responded to this worker that he had already taken a shower and would not take another one. The health service worker did not believe Mr. Gross based on his appearance, and again demanded a shower be taken. Testimony was offered at trial that Mr. Gross then began brandishing a knife, threatening the health service worker and others in the room. Security guards were summoned to the area and the knife was forcibly taken from Mr. Gross. Two security guards then restrained Mr. Gross and attempted to carry him to the shower room. While being taken to the shower, Mr. Gross began thrashing his legs and arms in an attempt to free himself. Eventually four men were needed to restrain Mr. Gross. Once in the shower room Mr. Gross became cooperative and took a shower.[4]

---

**1.** We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("*Per curiam* opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta....* Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published *per curiam* opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a *per curiam* opinion.")

**2.** The plaintiff Wanda Gross was not awarded any amount and she did not submit any issue to be appealed.

**3.** No lawsuit was filed against the sheriff's department.

**4.** We do not imply by our decision in this case that the use of physical force by the hospital staff to compel a patient to take a shower was under

After returning to his room, Mr. Gross began complaining of a pain in his leg. He was transported to Stonewall Jackson Hospital, where x-rays revealed that Mr. Gross had both a fractured rib and a fractured right leg.

The plaintiffs subsequently sued the defendant state agency for the negligent operation of Weston State Hospital. At the jury trial, Mr. Gross's doctor testified by deposition that Mr. Gross had a 30% permanent disability in his right leg. Evidence was produced by the defendant that the fracture could have been caused by Mr. Gross throwing his legs around in resisting the security personnel at the hospital when being taken to the shower, and that his severe drinking over a period of 40 years had reduced the bone density in his legs. Causation, negligence and damages were all disputed at trial.

The jury returned a verdict in favor of Mr. Gross and awarded him $5,000.00 in general damages.[5] The circuit court denied the plaintiffs' motion for a new trial; plaintiffs now appeal and seek a new trial.

## II.

To determine if a new trial is warranted, we must begin by examining the plaintiffs' contention that the jury verdict award in this matter was inadequate. *Linville v. Moss,* 189 W.Va. 570, 574, 433 S.E.2d 281, 285 (1993).

In this matter two issues were before the jury: was the defendant liable for the injuries suffered by the plaintiff, and, if so, the amount of damages the plaintiff was entitled to recover. Plaintiff Wanda Gross testified that Mr. Gross incurred approximately $3,000.00 in medical bills, but no bills were entered into evidence; the trial judge, therefore, granted a directed verdict in favor of the defendant on special damages. Furthermore, the plaintiffs made no claim for future medical expenses. Plaintiffs did, however, present evidence of pain and suffering damages. Mr. Gross testified he had a sensation like a needle going through his leg. The plaintiffs' only medical witness, a physician, who had seen Mr. Gross on only one occasion and who testified at trial by deposition, simply recounted the plaintiff's condition. Based on this evidence, the jury found the defendant liable and awarded plaintiff John E. Gross $5,000.00 in general damages, nothing in damages for Wanda K. Gross, and rejected the plaintiffs' claim for punitive damages.

"In an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant." Syllabus Point 1, *Kaiser v. Hensley,* 173 W.Va. 548, 318 S.E.2d 598 (1983); Syllabus Point 1, *Maynard v. Napier,* 180 W.Va. 591, 378 S.E.2d 456 (1989); Syllabus Point 2, *Linville v. Moss,* 189 W.Va. 570, 433 S.E.2d 281 (1993). The evidence in this case when viewed in favor of the defendant does not lead us to believe that the damage award was inadequate. "We will not find a jury verdict to be inadequate unless it is a sum so low that under the facts of the case reasonable men cannot differ about its inadequacy." Syllabus Point 2, *Fullmer v. Swift Energy Co., Inc.,* 185 W.Va. 45, 404 S.E.2d 534 (1991); Syllabus Point 1, *Linville v. Moss,* 189 W.Va. 570, 433 S.E.2d 281 (1993). Because of the paucity of evidence produced by the plaintiffs in this case on the issue of damages, we cannot find that the jury's verdict was inadequate.

## III.

Mr. Gross also contends that the trial court erred by allowing an inadequate amount of time for his closing argument, thereby causing prejudice. Counsel for the plaintiffs initially requested 45 minutes for closing argument. The trial judge asked if each side could finish their arguments in 25 minutes; plaintiffs' counsel then requested 30 minutes. The judge advised counsel that each could have 25 minutes, but that the plaintiffs' counsel could have an additional

---

the circumstances appropriate conduct consistent with acceptable standards of medical care.

5. The trial court granted the defense's motion for a directed verdict in regard to special damages, and there was no claim made for future medical expenses.

minute or so, if needed. *West Virginia Trial Court Rules,* Rule VI [1963] states that "[t]he time of argument in any case may be determined and regulated by the court...." We are unpersuaded that the difference of five minutes, or even 20 minutes, was an abuse of the circuit court's discretion, especially where the issues in the case were relatively simple and the evidence to be considered by the jury was not voluminous.[6]

### IV.

Additionally, plaintiffs' counsel contends that the trial court erred by not allowing him to suggest a dollar amount for pain and suffering damages to the jury during closing arguments. Because of our analysis of the other points of error raised by the plaintiffs, we find it unnecessary to address this issue at this time.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.

---

**6.** 75A Am.Jur.2d *Trial* § 547, at 124–125 (1991) states:

The time allowed counsel for argument is within the sound discretion of the trial court, the exercise of which will not be interfered with by an appellate tribunal in the absence of a clear showing of its abuse to the prejudice of the substantial right of the complaining party.