### ,CHARLESTON.

#### R. A. MUNDEN v. G. C. JOHNSON.

·(No. 5707)

Submitted October 20, 1926. ˙Decided October 26, 1926.

NEW TRIAL—*To Justify New Trial on Single Issue, It Should Clearly Appear That Matter Involved Therein is Entirely Distinct and Separable From Matters Involved in Other Issues, and That New Trial Can be Had Without Danger of Complication With Other Matters or Injustice to Party Objecting Thereto.*

> To justify awarding a new trial on a single issue, it should clearly appear that the matter involved therein is entirely distinct and separable from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters or injustice to the party objecting thereto.

Error to Circuit Court, McDowell County.

Action by R. A. Munden against G. C. Johnson for personal injuries sustained by defendant's negligence. Verdict for plaintiff, defendant brings error.

*Affirmed.*

*Venable, Miller, Pilcher & Parsons, Strother, Sale, Curd & Tucker,* for plaintiffs in error.

*Harman & Howard,* for defendant in error.

MILLER, JUDGE:

Plaintiff's action was for damages accruing to him from personal injuries alleged to have been sustained by reason of defendant's negligence. The jury returned a verdict for plaintiff in the sum of $1,000.00, which he moved the trial court to ·set aside, ''only as to the amount of damages ascertained, and to award the plaintiff a new trial only as to the amount of damages as compensation for the injury, because the amount of damages so ascertained is totally and wholly inadequate, and so shown to be by the undisputed facts and

evidence in the case,'' which motion the court overruled, and entered judgment in the amount of the verdict. To this judgment plaintiff obtained the present writ of error.

On the hearing here the defendant assigns a number of cross errors: that the trial court erred in ruling on the giving and refusing of instructions; that the evidence shows that plaintiff was a mere licensee and not an invitee on the premises where he was injured; that plaintiff's theory of res ipse loquitur, as submitted to the jury by his instruction, is not applicable in this case; that plaintiff was guilty of contributory negligence; and that defendant's peremptory instruction to find for him should have been given to the jury.

None of these questions were presented to the trial court by the motion to set aside the verdict, and are, therefore, not before us for decision on writ of error to the court's action in overruling that motion. But they must be taken into consideration in determining plaintiff's right to a new trial on a limited issue.

There can be no question that the damages awarded by the jury are wholly inadequate to compensate plaintiff for the injuries sustained. That he was severely injured clearly appears from the evidence. His actual expenses for doctor bills, nurse hire, and hospital services amounted to about $700.00. He testified that his injuries had cost him in salary alone $2,800.00, and that he was at the time of the trial, more than a year after the accident, unable to resume his work as an inspector and supervising architect. The opinion of his physician was that he will be able to carry on his profession only ''in a limited capacity,'' because of permanent injuries.

Plaintiff relies on the rule followed in *Moss* v. *Campbell's Creek Railroad Co.,* 75 W. Va. 62, and *Chafin* v. *Norfolk & Western Railway Co.,* 80 W. Va. 703, that a new trial may be limited to a single issue of fact. In the *Moss* case it was held that ''where there is no error as to the trial on the merits of the action, but there is technical error in the overruling of a demurrer to the declaration, in that the appointment and qualification of the plaintiff as administratrix is not averred, a point which was not expressly raised or deemed of conse-

quence in the court below, a new trial will be limited to the issue made on the omitted averment when supplied.'' In that case the issue to be determined on the new trial was not before the jury on the former trial. In the *Chafin* case, on a demurrer to the evidence, on which the trial court entered judgment for the amount of the verdict of the jury, from which the defendant appealed, it was held that the appellate court might award a new trial on the question of the amount of the damages alone, where it appears, as it did in that case, that the question of damages was wholly separate and distinct from the question of negligence. And there no question had been before the jury but the quantum of damages, all other questions having been submitted to the court by the demurrer to the evidence. And it must be noted that those cases were heard here on writs of error prosecuted by the defendants, bringing all appealable questions in issue before us; and upon all the questions raised, we found that no error existed except as to the single question in each.

To justify limiting a new trial to a single issue of fact, it must appear that that issue is clearly separable from the other issues in the case. ''Before such partial trials are granted, however, it should clearly appear that the matter involved is entirely distinct and separable from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters. Particularly is this true when the only error in the verdict is in the amount of damages assessed, and it appears that this error was not the result of any ruling by, or charge from, the trial judge, but was committed solely by the jury itself after retiring to consider its verdict; for in such case it is more difficult to say that the entire verdict was not affected by the same cause from which resulted the error in the amount of the damages.'' 20 R. C. L. 222; citing *Yazoo & Mississippi Valley R. R. Co.* v. *Scott,* 108 Miss. 891, L. R. A. 1915-E. 239; *Doody* v. *Boston & Maine R. R. Co.,* 77 N. H. 161, Ann. Cas. 1914-C. 846. And in *Moss* v. *Campbell's Creek Railroad Company, supra,* this court said: ''We deem it well, however, to impress that which another court has tersely

stated: 'It should clearly appear that the matter involved is entirely distinct and separable from the matters involved in the other issues, and that the new trial can be had without danger of complications with other matters.' *Benton* v. *Collins*, 125 N. C. 83.''

In *Simmons* v. *Fish*, 210 Mass. 563, Ann. Cas. 1912-D. 588, an action for personal injuries where the severity of the injury was beyond contention, the court said that a verdict for a grossly inadequate sum was in itself almost a conclusive demonstration that it was the result, not of justifiable concession of views, but of improper compromise of the vital principles which should have controlled the decision, and that it would be gross injustice to set aside such a verdict as to damages alone against the protest of the defendant and to force him to a new trial with the issue of liability closed against him.

From the evidence in this case on the question of the quantum of damages, it does not seem possible that the jury, after fully determining that the defendant was liable to plaintiff in damages, could have arrived at a unanimous verdict of $1,000.00. It seems clear that this was a compromise verdict, where some of the jurors surrendered their conscientious convictions upon one material issue to the views of other jurors upon another issue in the case, and that neither issue was decided to the satisfaction of all.

It may be said that such a verdict ought not to stand; but the motion before the trial court was not to set aside the whole finding of the jury; and if plaintiff's motion had been sustained, the verdict would not have been set aside as a whole. *Simmons* v. *Fish, supra.* The motion to set aside the verdict as to one issue, did not require the court to consider setting it aside in toto and awarding a new trial on all the issues involved; and we can not consider a question not passed upon by the lower court. When, as we have seen, the verdict of the jury was evidently the result of a compromise, the trial court could not properly, over defendant's protest, grant a new trial on a single issue wholly favorable to plaintiff, and preclude the defendant from his right to have the same jury

pass upon the question of negligence, evidently compromised by some of the jurors on the former trial.

In view of the facts and circumstances appearing from the record, and the logical conclusions to be deduced therefrom, we are clearly of opinion that this is not a case for a new trial on the limited issue presented.

The judgment will be affirmed.

*Affirmed.*