ELIZABETH COLLINS *v.* J. S. SKAGGS

(No. 6879)

Submitted May 12, 1931.   Decided May 19, 1931.
(Rehearing denied July 24, 1931)

*Geo. D. Moore,* for plaintiff in error.
*D. D. Ashworth* and *Clay S. Crouse,* for defendant in error.

LITZ, PRESIDENT:

Plaintiff, Elizabeth Collins, recovered judgment against defendant, J. S. Skaggs, in the sum of $500.00 for malpractice.

The defendant, a reputable physician, is engaged in rendering necessary medical aid to the families of employees of several coal companies in Raleigh County. On or about March 1, 1930, plaintiff's husband (E. D. Collins) while employed as a miner for one of said companies, reported to Dr. Skaggs that his wife and children were suffering from colds or influenza. The doctor thereupon gave Collins, for their treatment, a bottle of cough syrup and 15 or 20 tablets in a small envelop with directions to take one every hour or half hour. Collins promptly returned home with the medicine. Soon after his arrival his wife took one of the tablets and in ten or fifteen minutes thereafter became so sick that she had to be helped to her bed. Collins immediately returned to Doctor Skaggs with the remaining tablets, reporting the occurrence. The doctor, on examining the same, found that he had, through mistake, given postassium permanganate instead of calcidine. He immediately called at the Collins home and administered to Mrs. Collins several antidotes and prescribed others for her to take in his absence. The potassium permanganate produced severe nausea, burning sensation in the mouth, throat and stomach, causing her to vomit at intervals from about two o'clock in the afternoon until seven or eight o'clock the following morning. Plaintiff testified that she suffered great pain from the immediate effect of the drug, and since taking it had lost weight, experienced a failing of eyesight and suffered with her back and kidneys. The defendant and four other physicians testified, substantially, that the potassium permanganate taken by plaintiff would not have caused her any permanent injury. She admits having suffered intermittently from influenza or colds after taking the tablet. She had also experienced a miscarriage a few weeks before.

The defendant relies upon two points of error. First, that the court improperly excluded his instruction B; and, second, that the verdict is excessive. Instruction B would have told the jury that plaintiff's alleged loss of weight, impaired

eyesight, or affection of kidneys or back was not attributed to the taking of potassium permanganate, and that they could not, in assessing her damages, take into consideration any of these complaints. The jury were, however, virtually so instructed by two instructions given at the instance of the court. The first advised them that the potassium permanganate tablet taken by the plaintiff did not cause her any permanent injury, and that in arriving at their verdict they could not "take into consideration any of the alleged permanent injuries," which she claims to have suffered. The second informed the jury that they could not, in estimating plaintiff's damages, take into consideration pain or mental anguish due to influenza or other physical ailment.

The trial court may refuse an instruction presenting a theory of the case substantially covered by instruction or instructions already granted. *State* v. *Vineyard*, 85 W. Va. 293, 101 S. E. 440.

The law furnishes no measure of damages for pain and suffering. In such case, the decision of the jury upon the amount is generally conclusive, unless it is so large or small as to induce the belief that the jury was influenced by passion, partiality, corruption, or prejudice or misled by some mistaken view of the case. *Trice* v. *C. & O. Ry. Co.*, 40 W. Va. 271; *Looney* v. *Ry. Co.*, 102 W. Va. 40; *Landau* v. *Farr*, 104 W. Va. 445.

The judgment is affirmed.

*Affirmed.*