Fred Stone *v.* United Fuel Gas Company

(No. 7086)

Submitted February 16, 1932. Decided February 23, 1932.

*Harold A. Ritz* and *B. J. Pettigrew,* for plaintiff in error.
*Thomas P. Ryan* and *S. P. Bell,* for defendant in error.

HATCHER, PRESIDENT:

In 1927, the plaintiff, Fred Stone, purchased and moved on a tract of 120 acres, and thereupon, by virtue of a covenant in a gas lease made by a predecessor in title, became entitled to use free gas for domestic purposes from a well of the defendant, United Fuel Gas Company, he to make his own connections. In December, 1927, he laid a pipe line about 1300 feet in length from his house to and connecting with the well. He installed a regulator on the line near his house. Shortly afterwards, the company disconnected the line, and then Stone reconnected it. A representative of the company said Stone stated he had purchased the property, but that he did not produce his deed. On January 18, 1928, the company brought a suit in chancery against Stone for using the gas and secured an order from the circuit court restraining him from maintaining the connection. He filed an answer in the nature of a cross-bill, exhibiting his deed and praying that the company be required to furnish him gas, etc. The restraining order was dissolved on May 23, 1928, and the company was directed by the court to "reconnect said pipe and permit the defendant (Stone) to use free gas until the further order of the court." The company proposed to Stone it would do so if he would furnish a regulator for installation on the line at the well. He countered that he would furnish the regulator if the company would build a footbridge across a creek which flowed between his house and the well so he could "get to it (the regulator) if anything happened." The company rejected this offer and never did reconnect the line. Stone used wood as fuel (with notice to the company) until March 17, 1930, when his dwelling was destroyed by fire. He sought

in this action to recover as damages for the breach of the covenant to furnish him gas, the value of his house, and the expense of using wood for fuel. The court struck out his claim for the house, and affirmed a verdict of the jury of $800.00 (about $1.00 a day) for the fuel.

Plaintiff was permitted to amend his declaration at bar by inserting the words "malicious and without probable cause" in describing the motive of defendant in securing the injunction. The defendant contends that this amendment changed the original form of action by ingrafting thereon an allegation of "malicious prosecution or abuse of civil process." As the plaintiff did not change his demands (damages for breach of the lease covenant) and made no attempt to recover for malicious prosecution, the amendment will be treated as exuberance of description, rather than as a change in pleading. It naturally follows that we hold there was no misjoinder of causes, and that defendant's motion to require plaintiff to elect, etc., and its plea limiting plaintiff's right of action to a period of one year were inapt.

The defendant contends that plaintiff should have sued on the injunction bond. But the bond was merely for the plaintiff's protection and related only to a brief period when the line was disconnected; he could waive that protection if he saw fit, and rely solely on his claim for damages from a breach of the lease covenant, as he has done.

The defendant would justify its course by a rule promulgated in one of its tariffs and approved by the public service commission, which rule requires a consumer to furnish a regulator for installation at the tap on the defendant's main. This rule applies primarily to parties seeking connections for commercial gas from the utility. The defendant relies on Gas Co. v. Richardson, 84 W. Va. 413, 100 S. E. 220, in which a lessor entitled to free gas was enjoined from interfering with a meter placed on his line by the lessee under an order of the commission. But there, the installation of the meter involved no expense nor inconvenience to the lessor. The lessee had the right to measure, at its own expense, the gas furnished the lessor as a reasonable incident of the service,

irrespective of the order of the commission. In the instant case there is no evidence of the amount of pressure of gas at the well, or of the actual or probable effect of that pressure (to cause leakage) on the line as constructed by Stone. Consequently there is nothing to show that the installation of the regulator at the well was a reasonable requirement. In the absence of such proof, the defendant's demand that the plaintiff furnish it with a regulator, at his cost, to be installed at a place convenient to it, but inconvenient to him, appears to have been arbitrary. If so, this demand is not warranted by the lease covenant and makes this case materially different from *Gas Co.* v. *Richardson.* Moreover, the defendant through its agents, knew there was no regulator on plaintiff's line near the well when it brought the injunction suit. Yet it did not raise the question of the regulator and permitted the order directing it to "reconnect said pipe" (plaintiff's pipe line) to become final. *Res adjudicata.* Therefore, the requirement of defendant as to regulators on lines of commercial consumers furnishes no defense.

The defendant invokes the equitable rule requiring a plaintiff to minimize damages, and contends that instead of using wood, the plaintiff should have purchased gas from it, as a cheaper fuel. We are not in accord on this contention. However, we have composed our differences in theory by a practical application of the rule which we believe metes out concrete justice, as follows: the plaintiff could have had the circuit court (upon a rule in the injunction suit) compel defendant to obey the order directing it to supply him with free gas. This proceeding would have been at little if any cost to him. His use of wood for fuel, in disregard of this simple and effective means of obtaining gas was just as arbitrary as defendant's refusal to furnish him gas. Consequently we hold that his expense for wood is not the proper measure of his damages; but that he is entitled to recover the value of so much gas as would have been reasonably necessary for his domestic purposes, during the period the defendant kept the pipe line disconnected.

Accordingly we reverse the judgment but we limit another trial to the single issue of the *quantum* of damages. See *Chafin* v. *Ry. Co.*, 80 W. Va. 703, 712, 93 S. E. 822.

*Reversed.*