S. B. Haffner *v.* T. B. Cross, *Receiver, Etc.*

(No. 8111)

Submitted November 5, 1935. Decided November 12, 1935.

*D. H. Hill Arnold* and *D. K. Crawford,* for plaintiff in error.

*E. L. Maxwell,* for defendant in error.

Litz, President:

This is an action for personal injury and property damage sustained by plaintiff, S. B. Haffner, in an automobile accident resulting from the alleged negligence of the driver of a passenger motor bus owned by Senaca Trail Lines, Inc. A verdict for $25.00 in favor of plaintiff was set aside at his instance, and defendant, T. B. Cross, as receiver of Senaca Trail Lines, Inc., prosecutes error.

Haffner, while operating his 1931 model Chevrolet coupe automobile on a public road in Barbour County, August 1, 1933, attempted to pass (from the rear) the bus which was closely following a heavy loaded truck, left the highway, knocking down four or five fence posts, and lodging against

a locust tree. Plaintiff contends that the bus was proceeding along the right side of the road when he turned his car left to pass it, and that when his car had reached a position alongside the bus it veered abruptly to the left, striking the hub cap of the right front wheel of the car and causing it to wreck. It appears by a preponderance of the evidence that the bus was in the act of passing the truck at the time plaintiff attempted to pass it. This conclusion is based not only upon the direct testimony for defendant but also upon the testimony and physical facts admitted by the chief witness for plaintiff who observed the accident at close range. According to this witness, plaintiff ran over a pile of logs or poles, along the left side of the road, immediately before reaching the bus, which indicates that the bus was not adhering to the right of the road at the time plaintiff started around it. If the bus had been traveling on the extreme right of the road (which was of ample width for cars to pass each other), it would have been unnecessary for plaintiff to leave the traveled way in attempting to pass the bus. He admits that he was not sufficiently observant to see the truck before attempting to pass the bus. It was also shown by uncontradicted testimony that the tracks of the automobile led from the point where it lodged against the locust tree 125 feet to the pile of logs or poles. "A driver attempting to pass a car in front of him is bound to exercise a high degree of care and to see that the situation is such that he can pass in safety." Berry on Automobiles (6th Ed.), sec. 1034.

The verdict was evidently set aside on the ground of inadequacy, as the record does not show any technical errors raised by plaintiff. Assuming that the damages are greater than the verdict, the right of plaintiff to recover is so doubtful as to require the entry of judgment upon the finding of the jury in the absence of objection by defendant. "Evidence, facts and circumstances disclosed in a case, constituting what may have been, in the minds of the jury, the basis of a doubt as to right of recovery, seems to preclude power in the court to grant a new trial, on the ground of inadequacy, even though, as attested by the record, the verdict is inconsistent and amounts to a practical denial of right as indicated by the

plaintiff's evidence. If a verdict awards only nominal damages and the state of the evidence is such that, if a verdict had been rendered for the defendant, instead of the plaintiff, the court could not have disturbed it, there is no right in the trial court to set it aside on the ground of inadequacy. *Wavle* v. *Wavle,* 16 N. Y. Sup. Court Rep. 125; *Hubbard* v. *Mason City,* 64 Ia. 245, 20 N. W. 172; *Young* v. *Great Northern Railway Co.,* 80 Minn. 123, 83 N. W. 32; *O'Malley* v. *Chicago City Railway Co.,* 33 Ill. App. 354; *Lovett* v. *City of Chicago,* 35 Ill. App. 570; *Ray* v. *Jeffries,* 86 Ky. 367, 5 S. W. 867; *Simrall* v. *Morton,* (Ky.) 12 S. W. 185.'' *Shipley* v. *Virginian Railway Co.,* 87 W. Va. 139, 104 S. E. 297. ''A verdict will not be set aside for inadequacy where it appears that plaintiff is not entitled to any verdict whatever, or where the additional damages claimed are not sufficiently pleaded, or where the preponderance of the evidence was in favor of the defendant.'' 8 R. C. L. 682. ''A new trial for inadequacy of consideration will not be allowed when, in the judgment of the court, the verdict should have been against the prevailing party, or where the evidence does not preponderate in his favor, or when a verdict appears to have been given for nominal damages only, because the jury concluded there was no liability, * * *.'' 49 C. J. 209, 210.

The judgment of the circuit court, setting aside the verdict and awarding a new trial, will be reversed, and judgment entered here upon the verdict.

*Reversed and rendered.*