W. B. COAKLEY, *et al.*

*v.*

G. S. MARPLE

(No. 12638)

Submitted on rehearing January 30, 1968.

Decided on rehearing February 20, 1968.

*Callaghan & Callaghan, Dan O. Callaghan, Brooks B. Callaghan,* for appellants.

*Ernest V. Morton, Jr., Barber & Dunn, James A. Barber,* for appellee.

BROWNING, JUDGE:

Plaintiffs, W. B. Coakley and Nina R. Coakley, husband and wife, instituted this action in the Circuit Court of Webster County to recover damages allegedly the result of an automobile collision caused when the defendant, G. S. Marple, drove his automobile into the rear of the Coakley automobile. Mrs. Coakley, the driver and owner of the automobile, sought recovery for property damage to her automobile in the amount of $163.66 and for personal injuries. Mr. Coakley sought to recover the medical and other expenses incurred in behalf of his wife and for loss of consortium. Medical expenses incurred by Mrs. Coakley in the amount of $834.20, while stipulated as to amount and reasonableness, were denied to have been occasioned by the accident. Evidence of additional expense of $520.00 for employment of household help, while uncontradicted, was contested for the same reason. On the trial of the case, the jury returned a verdict in favor of Mrs. Coakley in the amount of $1,000.00 but refused any recovery to her husband and judgment was entered thereon. A motion to set aside the verdicts and judgment was overruled and, on application of plaintiffs, this Court granted an appeal and supersedeas on December 12, 1966.

The accident happened on October 22, 1964, at approximately 2:30 p. m. at the intersection of Routes 41 and 20 at Craigsville, Nicholas County, West Virginia. Mrs. Coakley's automobile was traveling west and she testified that upon reaching the intersection she stopped, intending to make a left turn; that she had turned on her directional signal light, pulled up in the left side of her lane, and while waiting for oncoming traffic to clear the intersection, she was struck in the rear by defendant's automobile. She is corroborated by another witness as to the signal light and the position of her car on the highway. The defendant, proceeding west on the same highway and following the Coakley car, testified that Mrs. Coakley gave no signal of her intention to turn but stopped suddenly in front of him whereupon he applied his brakes and turned to the right but was unable to avoid a collision. Repairs to defendant's automobile were estimated to be $229.00 while the repairs to the Coakley automobile amounted to $163.66. The defendant, however, produced witnesses to show that only minimum damage to the Coakley automobile was occasioned by the accident and not the entire $163.66 itemized statement contended for by plaintiffs. Mrs. Coakley further testified that while she did not immediately feel any ill effects she subsequently became dazed, suffered much pain and the next morning sought medical treatment. Her attending physician testified that upon examination his diagnosis was a fracture of the sixth cervical vertebra and a "tearing" of the supporting ligaments. Mrs. Coakley was hospitalized in traction for twenty-one days and released with a neck brace. Her physician further testified that upon his last examination of Mrs. Coakley he was of the opinion that she had a permanently unstable neck and would have to wear a brace for the rest of her life.

Defendant's evidence, adduced from radiologists, was that she suffered no fracture of the neck and that the degenerative condition of the neck vertebra antedated the accident of October 22, 1964. Defendant also produced evidence that the condition presently existing in plaintiff's neck may or may not be of a permanent nature; that plaintiff had been involved in automobile accidents in Buckhannon, West

Virginia, in May, 1961, and in Kentucky in October of 1961; that she underwent surgery for a facial disorder as a result of the Kentucky accident; and, that in January of 1964 Mrs. Coakley had been hospitalized in Morgantown, West Virginia, complaining of facial pain radiating down into her neck and arms. Plaintiff contends that the complaint as to her neck in January was with regard to a small swelling, which was exhibited to the jury, and which she stated had not increased in size. She also testified that previous to the accident she had attended to her normal household duties and produced corroborating evidence to that effect, and that subsequent to the accident she had been unable to engage in any heavy household activities, which testimony was also corroborated. It was admitted that Mrs. Coakley had no estate of her own and that her husband was primarily responsible for her medical expenses. As heretofore noted the jury returned a verdict in favor of Nina R. Coakley in the amount of $1,000.00 and found nothing for W. B. Coakley. Plaintiffs therefore contend that the jury verdicts should be set aside on the grounds of inadequacy and as showing that the verdicts were arrived at as a result of passion, prejudice, bias or a misconception of the law. Defendant contends that the evidence was in such conflict that even though the jury found for the plaintiffs on the question of liability they could find that the medical treatment and expenses were incurred not as a result of the accident but resulted from a pre-existing condition.

This case was originally decided by this Court on July 11, 1967, and thereafter and on the 14th day of December, 1967, a rehearing was granted upon petition of counsel for the appellee, the defendant in the trial court. The original opinion of this Court is recalled and superseded by this opinion. Actually there has occurred in the decision, opinion and reporting of this case by West Publishing Company an almost unbelievable comedy of errors. When this case was at the pre-trial stage in the trial court, counsel for the parties apparently agreed that certain facts would be stipulated and read to the jury by the trial court as evidence without the necessity of formal proof of such facts. This

purported stipulation was contained in a pre-trial order entered on January 6, 1966, Point 3 of which, before the entry of the order, at least, read as follows: "3. The parties stipulate that the bill of $11.00 of Dr. James R. Glasscock was necessary and reasonable for the care and treatment of Nina R. Coakley as a result of the accident, but other doctor and hospital bills are left open for proof." That language remained intact in the pre-trial order of that date but an examination of the original order shows that two faint pencil marks were drawn through the words "as a result of the accident." The record shows that after the jury was empaneled in this case the following statement was made by the trial judge: "The parties stipulate that the bill of $11.00 of Dr. James R. Glasscock was necessary and reasonable for the care and treatment of Nina R. Coakley, but other doctor and hospital bills are left open for proof." After elaborating upon certain other items which it was stipulated could be introduced in evidence without further proof, the trial judge returned to the question of the stipulation regarding the medical expenses and stated: "It is simply this: that these services by the doctors and hospitals were necessary for whatever they treated her for and the charges were reasonable but the defendant denies any of them arose out of the collision in question. The bills and amount of each are as follows:

". . .

"A doctor bill from Dr. James R. Glasscock for the sum of $11.00, marked Plaintiff's Exhibit F."

After the taking of evidence had been completed the trial court at the instance of counsel for both the plaintiffs and defendant gave several instructions including Instruction No. 14 given in behalf of the plaintiffs which is quoted in full together with the objections thereto by counsel for the defendant:

"The Court instructs the jury that if you find for the plaintiff, Nina B. Coakley, you will be required also to consider the damages of the plaintiff, W. B. Coakley, and shall find for him the cost of medical and hospital care and treatment for his wife, Nina R. Coakley, in the amount of $844.20

which has been stipulated and, in addition, thereto, you may, if a preponderance of all the evidence so warrants and justifies find and assess his damages for loss of services of his wife, if any, which should be in such amount as will make him whole under all the evidence in this case, but the total of all his damages shall not in any event exceed $25,-000.00, the amount sued for by him.

"Objection 1. Third line 'damages'—if any should follow. Invades province of jury—indicates plaintiff has suffered certain damages that are itemized in instruction.

"2. No evidence to base loss of wife's services— no evidence on which jury can calculate this item of damages.

"Given.

"Exception saved Defendant.

"CHAS. A. DUFFIELD, JR., Judge."

It will be observed that only the defendant objected to the giving of this instruction and that after the verdict was rendered and within the time required by the rules of civil procedure the defendant did not object to the verdict or any part of it. Neither did the defendant cross-assign as error in this Court the giving of that instruction or any other allegedly reversible error by the trial court. In other words, the defendant was satisfied with the outcome of the case in the trial court and only the plaintiffs applied for an appeal.

When the appeal was granted by this Court and the original record sent out for printing, the words heretofore referred to in the pre-trial order, "as a result of the accident," were printed as a part of the pre-trial order but were enclosed in brackets. Thereafter, upon the day that the case was argued by counsel for the parties in this Court, May 9, 1967, counsel for the plaintiffs and the defendant entered into a stipulation which insofar as pertinent reads as follows: "BE IT THEREFORE STIPULATED AND AGREED by and between counsel for all parties in this case, that the printed record be amended in such way as to strike out the words 'as a result of the accident,'

appearing in brackets in numbered paragraph nine (9) of the pretrial order entered herein on pages ten (10) and eleven (11) of the printed record, and which correction appears on page eleven (11) of said record." No order was entered by this Court purporting to make this stipulation a part of the record in this case but a stamp on the first page thereof contains the following: "Filed May 9, 1967, Kenneth E. Hines, Clerk of the Supreme Court of Appeals of West Virginia." By inadvertence this stipulation was not inserted in the folder containing the original record of this case and did not come to the attention of the Court until after the petition for rehearing was filed on August 7, 1967. Again through inadvertence, during the pendency of the application for rehearing, the original opinion, which contains several references to what the Court erroneously understood to have been stipulated, was published in the bound volume of 156 S. E. 2d at page 11. The present opinion will of course appear in a subsequent volume of the South Eastern Reporter with a cautionary cross-reference while in the West Virginia Reports only this opinion will be published.

The first point of the syllabus of the recalled opinion does not clearly state the law of this jurisdiction and the syllabus of this opinion is substituted therefor. The principle of tort law that a verdict for nominal damages will not be set aside upon motion of the plaintiff upon the ground of inadequacy if the evidence is such that if a verdict for the defendant had been returned the trial court could not have disturbed it came into the decisions of this Court by way of dicta in *Shipley* v. *Railway Co.*, 87 W. Va. 139, 104 S. E. 297. Although the Court stated the principle therein and quoted decisions from other jurisdictions as approving it, the facts made that principle utterly inapplicable. In that case the original plaintiff was attempting in this Court to have a judgment by the intermediate appellate court reversed wherein that court reinstated a $5,000.00 award for personal injuries to the plaintiff, which had been set aside by the trial court on plaintiff's motion as inadequate. In 1918 a $5,000.00 verdict certainly was far from being a nominal amount of damages. In *Haffner* v. *Cross*,

116 W. Va. 562, 182 S. E. 573, the dicta of the *Shipley* case became the law of this jurisdiction. The verdict for the plaintiff in that case was for the sum of $25.00, obviously nominal damages. The Court, quoting from the *Shipley* case, stated: "If a verdict awards only nominal damages and the state of the evidence is such that, if a verdict had been rendered for the defendant, instead of the plaintiff, the court could not have disturbed it, there is no right in the trial court to set it aside on the ground of inadequacy."

It is the rule of this jurisdiction that in an action for damages for personal injury allegedly due to the negligence of the defendant, a verdict of the jury for the plaintiff for *nominal* damages will not be set aside upon motion of the plaintiff upon the ground of inadequacy as such finding of fact must be considered as a verdict for the defendant perversely expressed and such verdict should not be disturbed where the evidence is such that if a verdict had been returned for the defendant the trial court could not have disturbed the verdict unless there is some fact or circumstance other than the smallness of the verdict which warrants the inference that the jury was actuated by partiality, sympathy, passion, prejudice or corruption or other improper influences acting against the plaintiff. Although there is no set guide for determining whether the amount of a monetary award for a plaintiff in a tort action is nominal or substantial in nature, it is the view of this Court that such is a legal question for determination by the court. It would be confusing and perhaps ridiculous to instruct the trial jury that if they found a verdict for the plaintiff they should further denote whether such damages were nominal or substantial. Whether such a verdict is nominal or substantial depends upon the amount of the verdict when considered in the light of the evidence. We think there can be no question in this case but that the award of $1,000.00 damages to the female plaintiff was substantial and not nominal and we so hold.

It is the view of this Court upon a reconsideration of the entire record and after reargument by counsel for both sides that the judgment of the Circuit Court of Webster

County should be affirmed in toto. There was sufficient evidence in this record from which a jury could have concluded that all of the disability of the plaintiff, Nina R. Coakley, did not result from the automobile collision with the vehicle of the defendant and furthermore that the treatment which she received subsequent to that time, and for which her husband was required to pay, was due to causes other than any injury sustained in the collision with defendant's automobile. The verdict in the sum of $1,000.00 for personal injuries and property damage, which was substantial not nominal, to the plaintiff, Nina R. Coakley, cannot as a matter of law be said to be inadequate because of the conflict of evidence as to the cause of the disability for which the female plaintiff was treated after the accident.

The judgment of the Circuit Court of Webster County is affirmed.

*Affirmed.*