Oscar England

*v.*

Janet Shufflebarger, *et al.*

(No. 12742)

Submitted January 28, 1969.    Decided February 25, 1969.
Dissenting Opinion filed March 4, 1969.

*Richardson & Hancock, Robert M. Richardson, James C. Lyons, Warren McGraw,* for appellants.

*D. Grove Moler,* for appellee.

Browning, Judge:

Plaintiff, Oscar England, instituted this action in the Circuit Court of Wyoming County to recover for personal injuries allegedly sustained when a truck he was driving was struck in the rear by an automobile owned by the defendant, Anderson, and operated by the defendant, Shufflebarger. The case was tried to a jury, the jury returning a verdict in favor of plaintiff in the sum of $1,000 and judgment was entered thereon. On motion of the plaintiff the trial court set aside the verdict on the ground of inadequacy and granted plaintiff a new trial on the sole issue of damages, to which action this Court granted an appeal on May 6, 1968.

The evidence may be substantially stated as follows: The accident occurred on September 8, 1964, in the Town of Mullens, West Virginia, when both plaintiff and the de-

fendant were proceeding in a slowly moving line of traffic. The traffic preceding the plaintiff came to a halt, as did the plaintiff, and within a matter of seconds plaintiff's truck was struck in the rear by the automobile operated by the defendant, Shufflebarger. The force of the collision was not great, the dirt being shaken loose from the plaintiff's truck and the bumper dented slightly and the right front fender of defendant's vehicle bent, necessitating repairs to defendant's vehicle costing $51.24. The evidence is inconclusive as to whether either the plaintiff or defendant, Shufflebarger, got out of their respective vehicles at that time. Nevertheless, when traffic began to move shortly thereafter, both vehicles proceeded along with the traffic for approximately three city blocks where the plaintiff pulled his vehicle off the road. Plaintiff says that he then experienced some dizziness and nausea which is corroborated by other witnesses. His wife was called and she took him to the hospital where he was hospitalized for a period of three days, his injury diagnosed as what is commonly called a "whiplash". Thereafter plaintiff received physical therapy treatments intermittently and was provided with a traction device for use in the home and a cervical collar. He was again hospitalized for a period of five days in the latter part of December, 1964 or early January, 1965. At the time of his injury x-rays showed a slight osteoarthritic lipping of the cervical vertebrae. The defendant's explanation of the accident is that she was following plaintiff at a speed of approximately five miles an hour when the plaintiff stopped suddenly, she was momentarily blinded by sunlight, and the vehicles "bumped".

The case was tried in December, 1966, at which time plaintiff and his wife testified as to plaintiff's continuing discomfort from the injury and medical evidence was introduced that plaintiff is to a certain extent permanently disabled by his condition which is directly attributable to the accident of September 8, 1964, in addition to the aggravation by reason thereof of his pre-existing arthritic condition. On cross examination plaintiff admitted having previous injuries to his head, arm, chest and a mild heart condition, the latest of which occurred about 1960 and to which the phy-

sicians attributed no connection with his present condition. Medical bills were introduced by the plaintiff totalling $584.01. Plaintiff also testified that while he was employed at the time of the injury and at the present time by the Town of Mullens as street and sanitary supervisor that he had prior to the injury engaged in independent construction activities and had lost contracts in such activities, as a result of the injury, which would have profited him some $2,000. As heretofore stated the jury returned a verdict in plaintiff's favor for the sum of $1,000 which the trial court set aside as inadequate and awarded plaintiff a new trial on the issue of damages alone, which action the defendant assigns as error in this Court.

Rule 59 (a) R.C.P. effective at the time of the trial of this case provides that if the evidence warrants a new trial may be granted to any of the parties on all or part of the issues. Whether the trial court in this case committed reversible error by granting the plaintiff a new trial only as to damages and accepting the verdict of the jury as to liability depends, of course, upon the facts in the record. The plaintiff testified that his car had come to a stop in a line of traffic and that very shortly thereafter the Shufflebarger vehicle struck him in the rear. Counsel for the appellants citing the recent decision of this Court of *Richmond v. Campbell*, 148 W. Va. 595, 136 S. E. 2d 877, contends that the circumstances surrounding the collision make the issues of liability and damages inseparable, and the amount of the verdict thus represents a compromise of these issues. The Court stated in the *Richmond* case that ". . . The driver of a forward vehicle cannot make sudden and unexpected stops that may imperil a vehicle approaching from the rear . . . ." In that case, the collision occurred on an open highway when the leading vehicle allegedly suddenly slowed or stopped preparatory to turning off the highway, a situation clearly distinguishable from the present case. According to the uncontradicted testimony herein the plaintiff did not make a sudden and unexpected stop. This collision occurred on a city street where a line of vehicles were stopped or came to a stop in front of the plaintiff's vehicle and that of the defendants and under those circumstances

none of the drivers could have made an "unexpected" stop. The testimony of the defendant, Shufflebarger, taken alone conclusively shows that the vehicle that she was driving was not following so closely behind the plaintiff's vehicle that she had no opportunity to observe his car slow and stop behind a line of traffic.

These questions and answers by the defendant, Shufflebarger, appear in the record: "Q. Where did you first see Mr. England's truck after you left the drug store? A. Right, let's see, I was stopped with a stoplight. Q. That's up at the theater? A. Yes, at the theater. Q. Did you stop behind him there at the stoplight? A. No, he was going on and I had a red light so I stopped and then there weren't any more cars coming up Howard. Q. Now, Mr. England had turned through the stoplight and you had to stop, you were coming down Second Street, I take it? A. That's right. Q. And Mr. England had passed through and was coming down Howard Street? A. That's right. Q. And you had to stop at the stoplight? A. Yes, sir. Q. Now, when did you see Mr. England's truck again? A. Right in front of Stone & Cook. Q. You mean you caught up with him there? A. Yes, because there weren't any other cars coming. I was surprised because of the five o'clock traffic. Q. You waited on the stoplight and no cars came down from off the other street and got in between you? A. No, sir. Q. And you caught up with him halfway through the block? A. Right there at the first — — Q. How close did you get up to him? A. I wasn't very close to him. Q. What do you mean, you weren't very close? A car length? A. No. I don't believe so, not a whole car length. Q. Half a car length? A. Half." That testimony supports the theory of the plaintiff as to how this accident occurred. The trial judge heard this testimony and saw the witnesses upon the witness stand and it is the view of this Court that his finding that the question of liability has been determined and need not again be presented to a jury for consideration was correct. This is the fourth syllabus point of the *Richmond* case: "Rule 59 (a), R.C.P., provides that a new trial may be granted to any of the parties on all or part of the issues, and in a case where the question of liability has

been resolved in favor of the plaintiff leaving only the issue of damages, the verdict of the jury may be set aside and a new trial granted on the single issue of damages." To the same effect is *Hall* v. *Groves, et al.*, 151 W. Va. 449, 153 S. E. 2d 165.

Counsel for the appellants contend and correctly so that the general rule is that when a new trial is granted it is awarded for the entire case, both for liability and damages. *Stone* v. *United Fuel Gas Co.*, 111 W. Va. 569, 163 S. E. 48 and cases cited therein. It is also true that the rule has been followed in this jurisdiction and elsewhere that where there is a plain inference, from the inadequacy of the damages or other circumstances, that the verdict is the result of a compromise, such error taints the entire verdict and a new trial should be ordered on all issues. Like all other rules of law these rules are applicable only insofar as they are supported by the particular facts in a case.

Counsel for the appellants also contend that the verdict is adequate under the evidence, in that plaintiff's damages may or may not have been entirely due to the accident herein, and cite the recent decision of this Court of *Coakley* v. *Marple*, 152 W. Va. 68, 159 S. E. 2d 378, as supporting that contention. The cases are clearly distinguishable. In that case, the female plaintiff who had been injured in an automobile wreck was awarded only the sum of $1,000 by the jury verdict and it was evident that her disability at the time of the trial far exceeded such a sum. But in that case medical evidence by the defendant was to the effect that the condition of the plaintiff's neck "may or may not be of a permanent nature"; that she had been involved in an automobile accident in Buckhannon, West Virginia, and in Kentucky a comparatively short time before the accident in the principal case; that prior to the collision in the principal case she had undergone surgery as a result of the Kentucky accident and prior to that time had been hospitalized in Morgantown complaining of disability similar to that which she contended came from collision with the defendant Marple. In the opinion this Court said: "There was sufficient evidence in this record from which a jury could have concluded that all of the disability of the plaintiff, Nina R.

Coakley, did not result from the automobile collision with the vehicle of the defendant . . ." Medical evidence in this case, on the contrary, is uncontradicted and clearly shows that the disability from which the plaintiff was complaining at the time of the trial was due only to the injury he received in the collision between his car and that of the defendants. Dr. Jorge de la Piedra, who qualified as a specialist in orthopedic surgery and who first saw the plaintiff on the day following his injury and last saw him and examined him on the day previous to the trial, made the following answer to the following question: "Q. Doctor, on the basis of what Mr. England told you as to an accident on the evening before, his truck being hit in the rear and his head being jerked, can you say whether or not the condition you found there was or was not caused by that accident? A. It was caused by the accident." He was asked further if certain specific injuries or conditions from which the plaintiff has suffered in the past contributed to the disability which he had at the time of the trial and answered that they did not. Upon the question of damages the plaintiff testified to certain specific contracts which he had with residents of the Town of Mullens or its environs for concrete work, stone masonry work, etc., from which he would have made approximately two thousand dollars but because of the injury he received he was unable to carry out his part of these contracts and they were done by others. The amount which he lost exceeded the sum of two thousand dollars. None of that testimony was disputed although the persons or firms, as heretofore stated, were in or in the vicinity of the Town of Mullens which is in Wyoming County not far from the county seat of Pineville.

It is the view of this Court upon that state of the record that the trial court was clearly right in setting aside the verdict of the jury upon the ground of inadequacy and for reasons heretofore stated we believe that he was also correct in setting aside the judgment against the defendants only insofar as it pertained to the amount of damages and granting the plaintiff a new trial as to damages only. The judgment of the Circuit Court of Wyoming County is affirmed.

*Affirmed.*

Calhoun, Judge, dissenting:

Respectfully, I dissent. I believe that I am abundantly supported both by reason and by law in my firm conviction that, in a case such as this, the right to grant a new trial solely on "the single issue of damages" should be exercised with great caution, only where it appears clearly that the issues are wholly separate and distinct, and only where it is unmistakably clear that a new trial on the single issue can not prejudice the right of either party to a fair jury trial on every issue normally submitted to a jury for decision.

The power and duty of a court, under the Court's holding in this case, to limit the new trial to "the single issue of damages" would seem to impose upon a court in a different situation a like power and duty to direct a new trial on the single issue of *liability* in a case where the court would be required to uphold the award of damages in accordance with our well settled rule that, in a case such as this in which damages are indeterminate in character, "the decision of the jury upon the amount is generally conclusive, unless it is *so large or small,* as to induce the belief that the jury was influenced by passion, partiality, corruption, or prejudice or misled by some mistaken view of the case." (Italics supplied.) *Collins* v. *Skaggs,* 110 W. Va. 518, pt. 2 syl., 159 S. E. 515; *Poe* v. *Pittman,* 150 W. Va. 179, 192-93, 144 S. E. 2d 671, 680. The power and duty of a court to limit a new trial to "the single issue of damages," whatever that power and duty may be, must in reason, logic, justice and common sense, apply alike whether the verdict is inadequate in amount or excessive in amount. In my judgment, the record in this case furnishes as much reason for limiting the new trial to the single issue of liability as to the single issue of damages; but my firm view is that the new trial should not be limited solely to either of the two issues.

R.C.P. 59 (a), referred to in the syllabus of this case, provides that a new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury "for any of the reasons for which new trials have heretofore been granted

in actions at law; * * *." We should disabuse our minds of any notion that this rule creates new law; or that it enlarges the preexisting powers of a court; or that it places any limitation on the solemn duty of a court, upon granting a new trial, not to limit or abridge the constitutional right of both parties to a jury trial and to a fair trial. The language of the rule here in question, and the comments included thereunder as a part of the Reporters' Original Note, clearly discloses that the rule does not change or enlarge the power or restrict the duty of a court under the former practice. My view is that the decision in the present case is not sustained or warranted by any apt precedent among the prior decisions of this Court made either before or since the promulgation of the Rules of Civil Procedure.

The opinion relies upon *Richmond* v. *Campbell,* 148 W. Va. 595, 136 S. E. 2d 877 and *Hall* v. *Groves,* 151 W. Va. 449, 153 S. E. 2d 165. Neither of those cases is a justifiable precedent for the majority opinion in the present case, because, in both of those cases, the issue of liability and "the issue of damages" clearly were distinctly separable.

In the *Campbell* case, the Court stated (148 W. Va. at 598, 136 S. E. 2d at 879): "It is conceded by the defendant that the question of liability is not involved in this appeal." The opinion in the *Hall* case states (151 W. Va. at 451, 153 S. E. 2d at 167) that the defendant, "suddenly and without any warning, drove the automobile off a public highway, across a sidewalk and into a nearby lawn and then back upon the highway and upon and against a three foot concrete abutment * * *", as a result of which the plaintiff, a guest passenger, was injured. The Court also stated in the opinion (151 W. Va. at 456, 153 S. E. 2d at 169): "Under the undisputed evidence disclosed by the record the plaintiff, upon proper motion, would have been entitled to a directed verdict upon the issue of the liability of the defendant Groves. The question of liability under the evidence disclosed by the record is clearly separable and distinct from the question of damages; * * *."

Decisions of this Court made before the promulgation of the Rules of Civil Procedure define the strict limitations

on the power and duty of a court to direct a new trial solely on a single issue. *Moss, Admrx.* v. *Campbell's Creek Railroad Co.,* 75 W. Va. 62, 83 S. E. 721 involved a wrongful death action in which judgment was entered by the trial court on a jury verdict for $5,000. On appeal, this Court perceived no error in the record except that the trial court should have sustained a demurrer to the declaration because of the absence of an allegation of the appointment and qualification of the personal representative. The Court reversed the judgment and remanded the case for the sole purpose of permitting allegation and proof of the appointment and qualification of the administratrix. The second point of the syllabus is as follows: "As a general rule a new trial when granted is awarded for the entire case; but when manifest justice demands, and it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party, a new trial may be limited to a particular, separable question." Obviously the issue to be tried on the remand in that case was not even remotely related either to the quantum of damages or to the issue of liability.

*Chafin, Adm'x.* v. *Norfolk & Western Railway Co.,* 80 W. Va. 703, 93 S. E. 822, involved an action for recovery of damages for a death which was alleged to have resulted from the wrongful act of the defendant. *The defendant demurred to the evidence* and the jury returned a conditional verdict for the sum of $19,000 in favor of the plaintiff. The Court, in the circumstances, held that the issue of liability had been determined and that excessiveness of the verdict was the only error requiring reversal. The judgment was reversed and the case remanded for trial of the single issue of damages.

In *Taylor* v. *Sturm Lumber Company,* 90 W. Va. 530, 111 S. E. 481, the Court held that the verdict was excessive in a definitely ascertainable amount and therefore the Court remanded the case to the trial court with directions to put the plaintiffs to their election of remitting the excess or of suffering the verdict to be set aside.

*Auto Sales Company* v. *Yost,* 91 W. Va. 493, 113 S. E. 758, involved an action for recovery of an automobile, or

in the alternative, for its value. On an *agreed state of facts* the Court determined, *as a matter of law*, that the plaintiff was entitled to recover and, therefore, remanded the case to the trial court with directions to impanel a jury to ascertain the value of the automobile and the amount of damages, if any, for the detention thereof. Substantially to the same effect is *Stone* v. *United Fuel Gas Company*, 111 W. Va. 569, 163 S. E. 48.

An extensive annotation in 85 A.L.R. 2d considers the subject of granting new trials on the separate issue of liability in tort actions. The following summary of court decisions appears in Section 7 at page 26: "The prime requisites for the limitation of a new trial in a tort action to the issue of damages, where such limitation is permissible under the local rules or practice, are (1) that the issue of damages be entirely separate and distinct from the issue of liability; (2) that the liability of the defendant be definitely established; and (3) that such limitation will not operate to the prejudice of the defendant. It has frequently been stated, furthermore, that the power to limit the new trial to the issue of damages must be exercised with caution, and it has been held that any doubt as to the propriety of such limitation must be resolved against it." At pages 31 and 32 of the annotation it is stated that "the limitation of the new trial to the issue of damages has been denied in some cases on the ground that the defendant might be able to produce evidence warranting a verdict or judgment in his favor." During the time I have been a member of this Court, I believe that, in reversing judgments and granting new trials, we have rather scrupulously and consistently been reluctant to remand the case with directions to the trial court to enter judgment for the plaintiff or for the defendant on the record before us, because we recognize that we are not warranted in assuming that the evidence on the issue of liability will necessarily be the same on a new trial. The following statement appears in 66 C.J.S., New Trial, Section 11 (3), page 97: "It has been held that the practice is not to be commended and should be adopted with caution, in furtherance of justice, and only where it is clear that no prejudice will result to either party, and not where the issues of negligence

and damage are so inseparably blended that one cannot be fairly tried without proof of the other."

"Where there is ground, such as the gross inadequacy of the damages if plaintiff is entitled to recover at all, for a strong suspicion or inference that the award of damages was made as a result of a compromise by the jury involving the question of liability, a new trial should not be ordered on the question of damages alone." 66 C.J.S., New Trial, Section 11(5), page 98. In *Munden* v. *Johnson*, 102 W. Va. 436, 439, 135 S. E. 832, 833, the Court, after discussing the proposition stated in the quotation appearing immediately above, made the following statement: "From the evidence in this case on the question of the quantum of damages, it does not seem possible that the jury, after fully determining that the defendant was liable to plaintiff in damages, could have arrived at a unanimous verdict of $1,000.00. It seems clear that this was a compromise verdict, where some of the jurors surrendered their conscientious convictions upon one material issue to the views of other jurors upon another issue in the case, and that neither issue was decided to the satisfaction of all." To the same effect see *Rawle* v. *McIlhenny*, 163 Va. 749, 750, 177 S. E. 214, 221; *Wright* v. *Estep*, 194 Va. 332, 337-38, 73 S. E. 2d 371, 375.

The jury was warranted in finding from the testimony that, immediately before the accident, traffic was moving at a speed of about five miles an hour; that the plaintiff, suddenly and without any warning signal, stopped his heavy-duty, four-wheel pickup truck when the defendant's automobile was less than a car length behind the truck; that the plaintiff got out of his truck, talked with the defendant and assured her that he had not been injured and that no damage was done to his truck; that the point at which the plaintiff later vomited and otherwise showed indications of illness or pain was two or three town blocks from the scene of the accident; that the plaintiff had previously been injured in various accidents and had undergone one or more previous surgical operations; that he had been struck on his head in 1960 by a rock or something of a similar character; that he had a long previous history of angina pectoris; and

had, over a long period of years, performed various types of manual labor which required lifting of heavy objects and other strenuous physical activity. His total medical and hospital bills amounted to $584.01. Deducting that sum from $1,000, the amount of the verdict, leaves a balance of $415.99 as some measure of compensation for pain and suffering. The plaintiff's estimate of money he might have earned by contracts was highly speculative and conjectural.

I find it difficult to distinguish this case from *Coakley* v. *Marple,* 152 W. Va. 68, 159 S. E. 2d 378. I am of the opinion that the court was not warranted in setting aside the verdict either on the issue of liability or because of inadequacy of the amount of the award. I would reverse the judgment, reinstate the verdict and enter judgment for $1,000 in this Court in favor of the plaintiff.