RALPH W. DELONG

*v.*

LEON E. ALBERT

(No. 13250)

Decided June 11, 1974.

*S. Robert Reiter* for appellant.

*Vujnovic & Ridgway, John Vujnovic and William J. Ridgway* for appellee.

BERRY, JUSTICE:

This is an appeal by Ralph W. DeLong, the plaintiff below, hereinafter referred to as plaintiff, from a final judgment of the Circuit Court of Hancock County entered October 9, 1971 wherein the court denied the plaintiff's motion to set aside the jury verdict and award him a new trial. The jury had returned a verdict in favor of the plaintiff in the amount of $1100 in his action against Leon E. Albert, the defendant below and hereinafter referred to as defendant, for damages and personal injuries incurred as a result of an automobile accident. This Court granted the plaintiff's appeal on September 11, 1972 and the case was submitted for decision on April 30, 1974 upon arguments and briefs on behalf of the respective parties.

The automobile accident which led to the plaintiff's action against the defendant occurred on the afternoon of June 9, 1967 on W.Va. Route 2 and U.S. Route 22 in Weirton, West Virginia. The plaintiff was proceeding north and had come to a complete stop behind several other cars in his lane of traffic which had stopped for a traffic light. Shortly thereafter, the defendant's automobile struck the rear of the plaintiff's automobile. The defendant testified that he had stopped behind the plaintiff's automobile in the same lane of traffic and while waiting for the light

to change his foot slipped off the brake pedal and his vehicle coasted into the rear of the plaintiff's automobile. The impact of the collision caused slight damage to the plaintiff's automobile and only dented the bumper of the defendant's automobile. Plaintiff testified that the impact caused his vehicle to move forward approximately a half a car length and that he was thrown forward and then backward as a result of the collision. He said he felt a pain in his neck "like a bee sting" immediately after the accident but that it lasted only a second or two.

After reporting the accident to the police, plaintiff drove to Cleveland, Ohio to visit his sister. Plaintiff testified that the next morning he had a headache and pain in the back of his neck and shoulders. The following day plaintiff returned to Weirton, but because of the pain in his neck did not report for work at the Weirton Steel Company. On Monday, June 12, 1967 he was examined by Dr. Yale David Koskoff, a neurologist, who testified that the plaintiff had incurred a cervical strain to the muscles of his neck. On June 19, 1967 Dr. Koskoff referred the plaintiff to Dr. Stanley A. Bushkoff, an orthopedic surgeon, who treated him. Plaintiff was hospitalized from June 29, 1967 until July 12, 1967 in order to receive further treatment. The plaintiff did not work from June 11, 1967 until August 6, 1967 and it was stipulated between the parties that if he had worked during that period, he would have earned $1259.71. It was also stipulated that the hospital expenses incurred by plaintiff totaling $743.10 and the costs of medication taken by him, totaling $43.14, were reasonable.

The plaintiff also introduced evidence of other itemized expenses incurred after the accident, which totaled $765.04. These additional expenses consisted of doctors' fees of $485, damage to his automobile of $103.89, parking expenses and transportation for medical and therapy treatments of $176.15. Thus, the total amount of expenses incurred by the plaintiff was $2810.99. As these items were introduced into evidence, they were listed on a large

sheet of paper on an easel in front of the jury, which was taken by the jury to the jury room. At the conclusion of the evidence, the court held that the defendant was liable for any injuries the plaintiff might have sustained as a result of the accident and instructed the jury accordingly.

The defendant contended that at least some of the injuries of which plaintiff complained were actually the result of an arthritic condition which existed prior to the accident. Dr. Koskoff testified for the plaintiff that in spite of the plaintiff's prior arthritic condition, he felt that the injuries complained of by the plaintiff were the result of the June 9, 1967 accident. Dr. Bushkoff testified for the plaintiff that in his opinion the plaintiff's degenerative arthritic condition was aggravated by the accident of June 9, 1967, and that the plaintiff sustained an acute cervical strain as a result of the accident. Prior to the accident, plaintiff had not been treated for discomfort as a result of his arthritic condition and he testified that he had not previously experienced any discomfort in the area of the neck.

Dr. William B. Mikita testified for the defendant that he had examined the plaintiff on September 2, 1970 and found no objective evidence of any residual of the accident of June 9, 1967, but stated that he was not able to say what caused the pain and discomfort of which the plaintiff complained. He stated that those pains were subjective complaints of the plaintiff and could result from his arthritic condition but he did not know whether they did or not.

Although the plaintiff concedes the jury was properly instructed by the court, he contends the jury erred in bringing in a verdict of $1100 and that the jury violated the collateral source rule because after the jury had deliberated for a period of time, the jurors asked the following question of the court:

> Are these figures that are listed in the Court Room beyond what hospitalization and compensation and major medical base or sub pay or is

this actual money that he has to put out and has not been reimbursed through some other source?

The court "after consultation with counsel, and without objection, * * *" responded:

Your obligation is to determine whether the plaintiff has established by a preponderance of the evidence that those items listed on the board proximately resulted from the accident. If you so find, then your verdict shall be for the plaintiff for those sums in addition to whatever other sums of money you believe are warranted by the evidence, if any. If you find those items were not incurred as the proximate result of the accident then you shall not consider the same.

Any such matters as compensation, sub pay, hospitalization, major medical pay, as a matter of law, have nothing to do with your decision in this case, and for that reason are not to be considered.

The primary contention of the plaintiff is that the jury verdict was inadequate and contrary to the undisputed evidence of damages sustained by the plaintiff as the result of the automobile accident and therefore should be reversed as a matter of law.

A stipulation was entered into by the parties that the plaintiff had medical expenses in the amount of $2045.95 which were reasonable. The other expenses were proved during the trial of the case as being reasonable, making a total of $2810.99. These expenses were considered to be reasonable and proper expenses and were not contested by the defendant.

The stipulation referred to did not stipulate that the expenses were proximately caused by the automobile accident of June 9, 1967, and it is the contention of the defendant that none of the expenses of damages proved during the trial were proximately caused by the accident in question. However, both Dr. Koskoff and Dr. Bushkoff, who testified on behalf of the plaintiff, stated that the injuries complained of by the plaintiff were sustained as the result of the June 9, 1967 accident and that the

plaintiff's prior arthritic condition was aggravated by the accident. The evidence indicates that the plaintiff had not suffered discomfort or been treated for his arthritic condition prior to the accident. Dr. William B. Mikita, who testified on behalf of the defendant, stated that he examined the plaintiff on September 2, 1970, over three years following the accident, that he found no objective evidence at that time of any residual as a result of the accident of June 9, 1967, but that he did not know the cause of the pains complained of by the plaintiff. He testified that they were subjective complaints and he did not know what caused them and that they could have resulted from plaintiff's arthritic condition. It therefore appears from the evidence that the plaintiff's doctors stated positively that his injuries were proximately caused by the automobile accident on June 9, 1967 which may have also aggravated his prior arthritic condition. This is not denied by the doctor who testified for the defendant. In fact, he admitted that one could experience a traumatic incident causing a whiplash which could trigger and aggravate a prior arthritic condition. The uncontested expenses or damages were all incurred soon after the accident in 1967. The expenses incurred by the plaintiff in the amount of $2810.99 were itemized and proved during the trial of the case and did not relate in any manner to any pain and suffering the plaintiff may have had as a result of the accident. The jury verdict in the amount of $1100 is not supported by any evidence introduced during the trial of the case and is in conflict with the uncontested amount of damages proved.

It is the contention of the plaintiff that the jury violated the collateral source rule, in that it disallowed insurance coverage for certain hospital costs paid under the employer's hospitalization program which the jury was instructed by the court not to consider in arriving at its verdict. There is no evidence that the jury disregarded the court's instruction in this matter except that the verdict was less than the proved amount of damages.

It has been repeatedly held by this Court that where

the verdict of the jury does not cover the actual pecuniary loss properly proved and it can be clearly ascertained that the verdict is inadequate, such verdict will be set aside. *Anderson v. Lewis,* 64 W.Va. 297, 61 S.E. 160; *Richmond v. Campbell,* 148 W.Va. 595, 136 S.E.2d 877; *Hall v. Groves,* 151 W.Va. 449, 153 S.E.2d 165; *England v. Shufflebarger,* 152 W.Va. 662, 166 S.E.2d 126. In the case of *Richmond v. Campbell, supra,* the undisputed damages suffered by one of the plaintiffs were proved to be approximately $6000. The jury returned a verdict in the amount of $1500 and this Court set aside the verdict as being inadequate. It was held in point 3 of the syllabus of that case that: "A verdict which disregards the instructions of the court or constitutes a mistake and by virtue thereof does not cover the actual pecuniary loss properly proved will be set aside."

In the case of *Hall v. Groves, supra,* the uncontested damages suffered by the plaintiff amounted to $4087.26 and the jury returned a verdict for $1000. This Court set aside that verdict as being inadequate. In the case of *England v. Shufflebarger, supra,* which is quite similar to the case at bar in that the defendant ran into the rear of the plaintiff's truck at a slow speed and plaintiff claimed he received a whiplash injury to his neck as a result of the accident and that the accident aggravated a pre-existing arthritic condition. The evidence indicated that the plaintiff incurred special damages in the amount of $2540 and the jury returned a verdict for $1000. The verdict was set aside by this Court as being inadequate. It was stated by the Court in that case that there was no question the plaintiff's disability was the result of the accident. The circumstances surrounding that accident were almost identical to the case at bar and both plaintiffs suffered the same injuries.

In the cases discussed above there was no question with regard to the liability of the defendant. In the case at bar the court directed a verdict in favor of the plaintiff on the issue of liability. It has been held that where liability is

a question for jury determination and the jury returns a verdict in favor of the plaintiff for a nominal amount where greater damages are proved, the verdict will not be set aside for inadequacy where the state of the evidence is such that if a verdict had been returned for the defendant instead of the plaintiff the court could not have disturbed it. Such verdicts are considered as a finding for the defendant perversely expressed. *Coakley v. Marple,* 152 W.Va. 68, 159 S.E.2d 378; *Shields v. Church Brothers, Inc.,* 156 W.Va. 312, 193 S.E.2d 151. The case at bar, of course, does not fall in the category of those cases because there was no question of liability on the part of the defendant and the court so directed the jury.

Where the question of liability has been resolved in favor of the plaintiff, leaving only the issue of damages, the verdict of the jury will be set aside and a new trial granted on the single issue of damages if the jury returns a verdict for less than the damages proved at the trial. *Richmond v. Campbell, supra; Hall v. Groves, supra; England v. Shufflebarger, supra.*

Inasmuch as it clearly appears that the jury verdict in the amount of $1100 is inadequate due to the fact that damages in the amount of $2810.99 were properly proved and not denied during the trial of the case, and the evidence shows that the injuries suffered by the plaintiff resulting in the expenses claimed as damages were the proximate cause of the accident, the judgment of the Circuit Court of Hancock County is reversed and a new trial on the issue of damages alone is granted to the plaintiff, Ralph W. DeLong.

*Reversed; new trial granted
on the issue of damages.*